HALE *v.* SIMMONS.

4-5944                                               139 S. W. 2d 696

Opinion delivered May 6, 1940.

J. F. Parish and Ras Priest, for appellant.

Pickens & Pickens, for appellee.

Smith, J. On January 4, 1937, Mrs. Nora Hale entered into a written lease contract with Frank McCoy for a lot in the town of Grubbs, for the term of two years, at the monthly rental of $3. The contract provided "that the said Frank McCoy shall have an option of said property if he wants same." Whether this option was to renew the lease or buy the lot is not disclosed in the lease contract nor in the testimony. It was provided that the lessee should, in addition to the rent, pay "such sum or sums of money as shall be equal to the amount of taxes and duties that shall be levied or assessed on the leased premises for each year and part of a year during the term aforesaid." What the "duties" were which the lessee agreed to pay is not specified in the contract nor disclosed by the testimony.

The lease further provided that "the said Frank McCoy has the right to build or add any such improvements as he wishes to without the consent of the lessor, and that the said Frank McCoy will quit and deliver up the premises to the said lessor, her heirs or assigns, peaceably and quietly, at the determination of the term aforesaid, in as good order and condition as the same now or may hereafter be put into, reasonable wear and use thereof, and casualties by fire, excepted."

There was a small building on the lot at the time of the execution of the lease, of the value of $100, as all parties concede. McCoy sub-let a half interest in the lease to R. T. Simmons, and they formed a co-partner-

ship to operate a filling station and a small liquor and grocery store on the demised lot. After forming this partnership, McCoy & Simmons tore down the small building and used the material thus obtained in the erection of a larger building. This cost McCoy and Simmons $900, making the value of the new building $1,000.

McCoy and Simmons procured a fire insurance policy at their own cost on this building in the sum of $750, "payable to R. T. Simmons, Frank McCoy and Mrs. Nora Hale, as their respective interests may appear." The building burned, and the insurance company paid the amount of the policy into court, and this litigation involves the proper distribution of this insurance money.

The court below awarded Mrs. Hale $100, the value of the old building which had been used in the erection of the new one, and ordered the balance of the insurance money to be paid to McCoy & Simmons. This appeal is from that decree.

The unexpired term of the lease at the time of the fire was 6 months and 12 days, and the undisputed testimony is to the effect that the rental value of the property as improved was $15 per month.

Under the law both lessor and lessee have an insurable interest in leased property, and either may insure his interest for his own benefit, but the policy here involved was for the benefit of both lessor and lessees "as their respective interests may appear," so that the question for decision is, what were the respective interests?

The question here presented for decision is the subject of an extended annotation to the case of *Harrington* v. *Agricultural Ins. Co.*, 179 Minn. 510, 229 N. W. 792, 68 A. L. R. 1340. In this case the annotator states that "The general rule, subject to the qualifications to be noticed, may be stated to be that the insured with a limited interest in the *res* insured may not recover the full value of the *res*. See *Western Assur. Co.* v. *Stoddard*, 88 Ala. 606, 7 So. 379. In most of the cases where it is apparent that

to allow the insured to recover the full value of the property destroyed, within the amount of the policy, would enable him to realize a profit on his insurance, the courts have limited the recovery to the value of the actual interest of the insured in the property destroyed.'' Numerous cases are cited by the annotator in support of the statement just quoted.

In the Harrington case, just cited, it was held, in a well-considered opinion by the Supreme Court of Minnesota, (to quote a headnote) that ''A lessee procured an open fire policy on 'improvements and betterments' made by him, but which under the lease became the property of the lessor, the lessee's only interest being the right to use them during the relatively short period which the lease had to run. Held, that an award, on a total loss, as for full 'sound value,' was erroneous, the lessee's only right of recovery being for the loss of his right to use the insured property for the remainder of the term of the lease.''

Here, the lessees erected the building, at a cost to themselves of $900, which they would have the right to occupy upon the payment of only $3 per month rent ''with the taxes and duties.'' But this right to occupy had only 6 months and 12 days to run when the fire occurred and the building was destroyed, and there is no testimony to the effect that the lease would have been renewed. By the express terms of the lease any building erected by the lessees became the property of the lessor upon the termination of the lease. The insurance policy, therefore, covered only the value of this unexpired portion of the lease so far as the lessees are concerned, which the testimony shows is $96, the admitted rental value of the property being $15 per month. We adopt this concession, although it takes no account of the fact that the rental value of the property was only $15 per month, and the rent itself which the lessees would have been required to pay was $3 per month. The lessees had no insurable interest in the property except the value of their right to occupy it during the remainder of the term upon the payment of a monthly rental of $3,

and the measure of this value would be the difference between the rental value and the rent reserved. But, as stated, we accept appellant's concession and find this value to be $96.

The decree of the court below will, therefore, be reversed, and the cause will be remanded, with directions to allow $96 of the insurance money to McCoy & Simmons, the lessees, and the balance to the lessor.