THURSTON NATIONAL INSURANCE COMPANY
v. Darrell K. HAYS and Joann HAYS

76-211                               544 S.W. 2d 853

Opinion delivered January 10, 1977
(Division II)

*Putman, Davis & Bassett,* for appellant.

*Creekmore & Harriman,* for appellees.

DARRELL HICKMAN, Justice. On April 15, 1975 the

Appellees signed an Offer and Acceptance Agreement to purchase two houses for a total of $20,000.00. The Offer was accepted on the same date. The Appellees made a down payment of $150.00, and the balance was to be paid in cash. The Agreement was silent as to the date the property was to be transferred. The Offer and Acceptance Agreement contained a clause that the risk of loss until the closing date was assumed by the seller. On April 23rd the Appellees purchased from the Appellant fire and extended insurance coverage on each house in the amount of $11,000.00. On April 30th one of the houses burned to the ground. The Appellant declined to pay the claim.

The sole issue submitted to the Court, by stipulation, was whether or not the Appellees had an "insurable interest" in the property at the time of the fire. The lower court held that the Appellees did have an insurable interest and awarded judgment in the sum of $10,950.00, plus 12% statutory penalty and $4,000.00 attorney's fee.

The Appellant contends that the Appellee did not have an insurable interest at the time of the loss and that the $4,000.00 attorney's fee was excessive and should be reduced.

An insurable interest has been defined in Arkansas by the Legislature in Ark. Stat. Ann. § 66-3205 (2) (Repl. 1966).

> "Insurable interest" as used in this section means any actual, lawful, and substantial economic interest in the safety of [or] preservation of the subject of the insurance free from loss, destruction, or pecuniary damage or impairment.

It is undisputed that the Appellees paid $150.00 towards the purchase price of the property. Also, the Appellees had, on its face, a legal, enforceable contract.

The record contains no evidence that the Appellees made a material misrepresentation to the Appellant insurance company.

In the case of *Briscoe* v. *National Union Fire Insurance Com-*

*pany*, 248 Ark. 220, 451 S.W. 2d 205 (1970), the Court ruled on a similar problem and held that the insurance company was not liable. However, in the *Briscoe* case, there was a finding that the claimant suffered no actual loss of cash or property.

The Arkansas Statutes clearly state that an insurable interest means any actual, lawful, and substantial economic interest in the property.

In the absence of misrepresentation or fraud, and based on the facts that are recited, the Appellees clearly had an insurable interest.

The attorney's fee is approximately one third of the amount of the judgment and is found to be reasonable. No additional fee will be allowed on appeal.

Affirmed.

We agree: HARRIS, C.J., and FOGLEMAN and ROY, JJ.