## WILBANKS & WILBANKS, INC. and FIRST BANK AND TRUST OF JONESBORO *v.* Bill COBB

CA 80-111            601 S.W. 2d 601

Court of Appeals of Arkansas
Opinion delivered July 9, 1980

*Mooney & Boone*, by: *Joe C. Boone* and *Dennis Zolper*, for appellants.

*Warren E. Dupwe*, for appellee.

STEELE HAYS, Judge. This is a case involving conflicting claims to the remaining proceeds of a fire insurance policy. Appellant, Wilbanks & Wilbanks, Inc., entered into a contract to purchase a dental laboratory business from appellee, Bill Cobb. The total purchase price was $35,000.00, and the contract valued the equipment at $20,000.00. Subsequently, appellant entered into a security agreement with appellee covering "all equipment and inventory located at 215 East Monroe, Jonesboro, Arkansas, as of this date and used in the Cobb Dental Laboratories located at the above address." The security agreement itemized all the "equipment and inventory" used at Cobb Dental Laboratories. Approximately four months later, appellant purchased new equipment costing $7,035.74 which was to be used to create a new department. Appellant, First Bank and Trust of Jonesboro, financed part of the equipment and required appellant Wilbanks & Wilbanks, Inc., to enter into a security agreement in the amount of $5,600.00. Both security agreements required Wilbanks & Wilbanks, Inc., to provide fire in-

surance covering the property with loss payable clause for the benefit of the secured party.

Consequently, Wilbanks & Wilbanks, Inc., procured an insurance policy covering all equipment in the amount of $30,000.00 and named appellee as loss payee of the policy.

In September of 1978, a fire occurred which partially damaged the used equipment and completely destroyed the new equipment to be used in the new department.

The insurance carrier paid $13,093.26 for the loss which included $7,035.74 representing the full value of the new equipment. Appellee has received $7,093.26 of the insurance proceeds, plus the return of equipment which presumably was not damaged. Cobb then filed suit claiming the remaining proceeds as loss payee under the insurance policy. Appellant First Bank & Trust intervened, maintaining that it has a purchase money security interest and an equitable lien on the insurance proceeds and that it should receive the balance of the proceeds. The Chancellor held in favor of the appellee, and appellants bring this appeal.

The sole issue for determination on appeal is whether Bill Cobb can be allowed to keep the entire proceeds of the insurance policy in accordance with the law in Arkansas. We cannot find an Arkansas case directly in point. Couch, *Insurance* 2d § 29:65 (1960) states:

> A loss payable clause gives the payee thereunder a superior right in the proceeds to the extent of his interest and the insured can only recover any balance in excess thereof.

Also, in the same treatise at § 29:71, it is stated:

> Regardless of the use of broader terms in the policy, a mortgagee is only entitled to indemnity with respect to the property which was bound by the mortgage, although the policy extended to the property which was not so subject. Under fire insurance policies covering both real and personal property and payable by en-

dorsements to the mortgagee as his interest may appear, the mortgagee is not entitled to retain the proceeds of the insurance upon the personal property merely by reason of the mortgage clauses and its·possession of the policies at the time of the fire, since the mortgagee's only interest as such is in the real estate covered by the mortgage.

By analogy, we can apply this same principle of law in this case to the extent that the mortgagee can only retain the insurance proceeds, that cover his interest in the property. Appellee had no interest in the new equipment which was to be used for an entirely new department of the business. In fact, the security agreement covering the equipment was executed approximately three months before any of the new equipment was bought. The security agreement specifically states that it covers all equipment "as of this date" and also itemizes the inventory covered by the agreement. Hence, the contract, by its own terms, is expressly limited to existing equipment at the time the security agreement was executed.

Generally speaking, insurance proceeds are payable only to the person whose interest is covered by the policy, provided he has an insurable interest at the time of the making of the contract and at the time of the loss. *National Bedding and Furniture, Inc.* v. *Clark*, 252 Ark. 780, 481 S.W. 2d 690 (1972). Ark. Stat. Ann. § 66-3205 (Repl. 1966) states:

(1) No contract of insurance of property or of any interest in property arising from property shall be enforceable as to the insurance except for the benefit of persons having an insurable interest in the things insured at the time of the effectuation of the insurance and at the time of the loss.

(2) "Insurable interest" as used in this section means any actual, lawful, and substantial economic interest in the safety of [or] preservation of the subject of the insurance free from loss, destruction, or pecuniary damage or impairment.

In the absence of any substantial economic interest, i.e.,

where Claimant has suffered no actual loss of cash or property, he has no insurable interest. *Dixon* v. *State*, 260 Ark. 855, 544 S.W. 2d 853 (1977); *Briscoe* v. *National Union Fire Insurance Company*, 248 Ark. 220, 451 S.W. 2d 205 (1970). Here, claimant had no insurable interest in the new equipment either at the time of the making of the contract or at the time of the loss.

One other point should be mentioned. While the loss payable clause of the insurance policy does not appear anywhere in the record, we are not precluded from taking note of the language which is customary in most insurance policies, i.e., that the proceeds of the policy are payable to the loss payee as *his interest may appear* and not as payee generally. Therefore, appellee's interest under the policy cannot exceed his interest in the insured property itself. The interest of the appellee in the insured equipment did not extend to the new equipment.

For the reasons stated above, the case is reversed and remanded with direction to enter a judgment in accordance with this opinion.

Reversed and remanded.