## THE HARTFORD FIRE INSURANCE COMPANY
### *v.* Earl STANLEY

CA 82-81                                            644 S.W.2d 628

Court of Appeals of Arkansas
Opinion delivered January 12, 1983

*Friday, Eldredge & Clark,* by: *Curtis L. Nebben,* for appellant.

*Young, Patton & Folsom,* by: *David Folsom,* for appellee.

MELVIN MAYFIELD, Chief Judge. The question in this case is whether the appellee had an insurable interest in a

piece of farm machinery at the time it was damaged by fire. The trial court, sitting as a jury, decided for the appellee and the insurance company has appealed. We affirm.

The machine involved is a cotton picker which appellee Earl Stanley purchased from Roberson Farm Equipment in 1976. The purchase was financed by International Harvester Credit Corporation and the property was insured by appellant. On December 5, 1977, Stanley contracted to sell his farm and most of his equipment to Charles Griffin and Larry Stotts, d/b/a Red River Farms. The selection of equipment was to be made on December 8, 1977, with delivery and payment to be made by January 1, 1978. The cotton picker was selected and moved from the Stanley farm to a building on property already owned by Red River Farms and while in that building the machine was damaged by fire on December 21, 1977. The appellant contends that under Ark. Stat. Ann. § 85-2-401 (Repl. 1961), there was delivery and passage of title and therefore the seller had no insurable interest in the property at the time it was damaged.

The trial court found, however, that at the time of the fire the seller was still indebted to International Harvester Credit Corporation for a portion of the purchase price of the machine. That finding is supported by the evidence and we believe it is conclusive of the question on appeal.

In *Gravning* v. *American Druggists' Ins. Co.*, 259 Ark. 523, 527, 534 S.W.2d 754 (1976), although the appellee had conceded that Mrs. Gravning had an insurable interest and only the amount due was in question, the court said:

> In *Hensley* v. *Farm Bureau Mutual Insurance Company of Arkansas*, 243 Ark. 408, 420 S.W.2d 76, the insured had signed a contract to sell the property to a third party before the fire occurred. The insured had remained liable on a mortgage on the property, however. The purchaser of the property also obtained coverage, and after the fire, was paid the full amount by his company. Thereupon, he paid Hensley. Hensley instituted suit to collect the full amount of his policy under the valued policy statute, but the trial court

denied recovery on the basis that Hensley would be unjustly enriched. On appeal, we reversed and allowed full recovery. The point at issue was different from that in the present litigation, but, of course, we found that Hensley had an insurable interest for the full amount.

And in *Gravning* we also note that the court said the jury should have been instructed as requested by appellant, that "The interest of the mortgagor is not defeated by a voluntary sale of the premises where he remains liable for the mortgage debt."

In *Thurston Nat'l Ins. Co.* v. *Hays*, 260 Ark. 855, 544 S.W.2d 853 (1977), the appellees agreed to buy two houses. They made a down payment and agreed to pay the balance in cash. In holding that they had an insurable interest in the houses the court relied upon Ark. Stat. Ann. § 66-3205 (2) (Repl. 1966) which defines insurable interest as "any actual, lawful, and substantial economic interest in the safety of [or] preservation of the subject of the insurance free from loss, destruction, or pecuniary damage or impairment."

Under that statute and the above cases, we think it clear that as long as Stanley was legally liable for the purchase price of the cotton picker he had an insurable interest in it. We do not agree that passage of title to the machine destroyed that insurable interest. Assuming that title passed, as appellant claims, before the fire on December 21, it was not until December 28 that Stanley's obligation to International was discharged. We agree with *Couch on Insurance* which says:

Generally speaking, a person has an insurable interest in property whenever he would profit by or gain some advantage by its continued existence and suffer some loss or disadvantage by its destruction. If he would sustain such loss, it is immaterial whether he has, or has not, any title in, or lien upon, or possession of, the property itself.

3 *Couch on Insurance* § 24:13 (2nd ed. 1960).

Appellant also points out that after the fire Griffin and Stotts, d/b/a Red River Farms, paid Stanley for all the machinery purchased from him, including the cotton picker, and appellant says the trial court's judgment allowing Stanley to collect for the damage to the machine allows him a double recovery. Appellant contends such a result should not be allowed and in support of that contention cites the cases of *Wilbanks & Wilbanks, Inc.* v. *Cobb,* 269 Ark. 936, 601 S.W.2d 601 (Ark. App. 1980) and *Acree* v. *Hanover Ins. Co.,* 561 F.2d 216 (10th Cir. 1977).

*Wilbanks* simply holds that insurance proceeds are not recoverable by one who has no insurable interest in the property damaged. The appellee in that case had no insurable interest in the *new* equipment damaged and could not recover any of the insurance money paid into court to cover that damage. Here, as we have discussed, the appellee did have an insurable interest in the cotton picker at the time it was damaged.

In the *Acree* case the owner of a house contracted to sell it but it was damaged by fire before the date that possession was to be delivered. After the fire, the buyer completed the contract, paid the full purchase price, and took possession. Both buyer and seller sought to recover on the insurance policy which the seller had in force at the time the fire occurred. In holding for the buyer the court said:

> Two opposing lines of cases have dealt with the right to insurance proceeds when the damaged property was under an executory sales contract. One line holds in essence that insurance is a personal contract of indemnity to protect the interest of the insured. . . . The other line recognizes an insurable interest in both the seller and buyer and holds that when a seller has received insurance proceeds for damage to property covered by an executory sales contract and the seller has later received the full purchase price, the seller holds the proceeds in trust for the buyer. (Citations omitted.)

In the instant case the appellee's brief states that he is not opposed to the proposition that he take the insurance

proceeds in trust for Griffin and Stotts, d/b/a Red River Farms. However, we think the Arkansas case of *Whitley* v. *Irwin*, 250 Ark. 543, 465 S.W.2d 906 (1971) requires us to follow the cases that hold that insurance is a personal contract of indemnity to protect the interest of the insured. There, in answer to the contention that such a holding allowed unjust enrichment, the court said, "One is not unjustly enriched by receipt of that to which he is legally entitled."

The judgment of the trial court is affirmed.