Barbara J. BEATTY, Individually and as Natural Guardian of Kristi Beatty, and Kristi Beatty *v.* USAA CASUALTY INSURANCE CO.

97-349 954 S.W.2d 250

Supreme Court of Arkansas
Opinion delivered October 30, 1997

*Pike & Bliss*, by: *George E. Pike, Jr.*, and *Deborah Pike Bliss*; and *Clifton H. Hoofman*, for appellants.

*Wright, Lindsey & Jennings*, by: *Patrick J. Goss*, for appellee.

W.H. "DUB" ARNOLD, Chief Justice. This case involves an interpretation of the term insurable interest found in Ark. Code Ann. § 23-79-104(b) (Repl. 1992). Appellants claim that they have an insurable interest in an automobile and are entitled to the policy proceeds of an insurance contract covering property damage to the automobile. The trial court granted summary judgment for the insurer based upon the finding that appellants did not have an insurable interest. Appellants claim error in this ruling; we agree and reverse and remand.

On June 24, 1993, Douglas Beatty had a Toyota Celica delivered to his daughter Kristi for her sixteenth birthday. Mr. Beatty lived outside of the State of Arkansas, visited Arkansas, selected a car to purchase for his daughter, and made arrangements for its delivery on her birthday. Barbara Beatty, as natural guardian of Kristi, added the car to her existing insurance policy with USAA Casualty Insurance Company (*hereinafter*, "USAA"). The policy included coverage for liability as well as property damage. The policy's loss clause read as follows: "Loss or damage under this policy shall be paid, as interest may appear, to you and the loss payee shown in the Declarations." No loss payee was listed in the declarations.

On November 20, 1994, Kristi was involved in an automobile accident that resulted in the total loss of the car. USAA determined that the net loss was $13,924.75. Before acting on the claim, USAA discovered that Douglas Beatty held certificate of title for the automobile and additionally found a lien on the car securing a promissory note executed by Douglas Beatty on behalf of the Arkansas Federal Credit Union (*hereinafter*, "Credit Union"). USAA paid $11,772.50 to the Credit Union in satisfaction of the lien and accepted title of the car to sell for salvage value. The lien by the Credit Union was unbeknownst to Barbara and Kristi Beatty, and the Credit Union was not noted as a loss payee on the policy. USAA tendered payment to Barbara Beatty for the remaining $2,152.25 as payment in full for the claim. Ms.

Beatty refused payment based upon the contention that she was entitled to the entire $13,924.75.

Barbara Beatty brought suit against USAA, individually and in her capacity as natural guardian of Kristi Beatty. Ms. Beatty claimed that full payment should have been made to her by USAA because she was the policy holder and there was no loss payee named in the policy. Ms. Beatty contends that USAA was not authorized to pay the proceeds of the insurance contract to a third party with whom she had no contractual obligation. USAA contends that neither Barbara Beatty nor Kristi Beatty had an insurable interest in the automobile and that its payment to the Credit Union was proper. The trial court granted USAA's motion for summary judgment ruling that neither Barbara Beatty nor Kristi Beatty had an insurable interest. This ruling was based solely upon the fact that Douglas Beatty held the title to the automobile, and thus, neither Barbara or Kristi Beatty could have an insurable interest.

Barbara and Kristi Beatty appeal this ruling. Appellants contend that Douglas Beatty's holding title does not preclude another party from also having an insurable interest. Appellants contend that Kristi had an insurable interest in the automobile upon receiving it as a gift from her father, Douglas Beatty. Appellants also contend that Barbara Beatty had an insurable interest in the automobile through her duty as natural guardian of Kristi to protect her minor daughter's property. Additionally, appellants argue that Arkansas statutes imposing liability on Barbara Beatty as the natural guardian of Kristi Beatty by requiring her to assume joint and several liability in order for Kristi to obtain a driver's license creates an insurable interest in the automobile. In addition to the insurable interest issue, appellants also contend that USAA is not authorized to pay a third party who is not designated as a loss payee under the original insurance contract and who is not in privity with the insured.

We agree with appellants that the trial court erroneously ruled on the issue of insurable interest and reverse and remand this case on that basis. The issue of whether USAA was authorized to make a payment to a third party not named as a loss payee and not

in privity with the insured was not directly ruled upon by the trial court, so we will not address that issue.

■ ■ The remedy of summary judgment should only be granted when there exists no genuine issue of material fact, and the party moving for summary judgment is entitled to judgment as a matter of law. Ark. R. Civ. P. 56; *Smothers v. Clouette*, 326 Ark. 1017, 1020, 934 S.W.2d 923 (1996). The issue is to be viewed in the light most favorable to the party opposing summary judgment, and all inferences and doubts should be resolved against the moving party. *Id.* If the party moving for summary judgment makes a *prima facie* showing that no issues of fact exist and the nonmoving party fails to show that such issues do exist, then this court must affirm a trial court's granting of summary judgment. *Pyle v. Robertson*, 313 Ark. 692, 694, 858 S.W.2d 662 (1993).

In reviewing appellants' argument that Kristi Beatty had an insurable interest in the automobile, we will view all inferences and doubts against USAA. The most important inference in this situation is whether there was a gift of the automobile to Kristi Beatty. This issue was disputed by the parties' briefs, and it is plausible that this issue alone could warrant reversal of the granting of summary judgment as the existence of a genuine issue of material fact; however, the trial court's ruling was not based upon this issue, but upon the determination that two parties cannot have an insurable interest in the same automobile. Therefore, for purposes of this appeal, we will accept that there was a valid gift made to Kristi Beatty upon the receipt of the automobile for her sixteenth birthday. We do note, that upon remand, this issue may be contested, and a factual determination can then be made.

■ A person must have an "insurable interest" in property in order to have an enforceable insurance contract. Ark. Code Ann. § 23-79-104(a) (Repl. 1992). "*Insurable interest*" is defined in § 23-79-104(b) as "any actual, lawful, and substantive economic interest in the safety or preservation of the subject of the insurance free from loss, destruction, or pecuniary damage or impairment."

■ The trial court determined that neither Barbara nor Kristi Beatty had an insurable interest based solely upon the fact that Douglas Beatty retained the title. Title indeed establishes a

*prima facie* case of ownership; however, ultimate ownership is to be established by all evidence regarding property. *See Robins v. Martin*, 231 Ark. 43, 328 S.W.2d 260 (1959). It is obvious that the trial court did not examine the factors surrounding the ownership of this car; the ruling relies solely upon the holding of the certificate of title by Douglas Beatty.

■ The trial court erroneously concluded that Douglas Beatty's insurable interest, by virtue of holding title, precluded another party from also having an insurable interest. It is not inconsistent that two parties can have independent insurable interests in one piece of property. *See Page v. Scott*, 263 Ark. 684, 567 S.W.2d 101 (1978) (both lessor and lessee have an insurable interest in leased property, and either may insure his interest for his own benefit); *see also Hale v. Simmons*, 200 Ark. 556, 558, 139 S.W.2d 696 (1940); JOHN ALAN APPLEMAN ET AL., 4 INSURANCE LAW & PRACTICE § 2134, at 54. In such a situation, both parties are free to insure their respective interests in the property.

Initially, we will address the facts supporting Kristi Beatty's insurable interest through receiving the automobile as a gift from her father. In the affidavits supporting the motion for summary judgment, Barbara Beatty stated that Douglas Beatty had promised Kristi a car for her sixteenth birthday. Before her birthday, he visited Little Rock from out of state, purchased a car and had it delivered to Kristi on her birthday. The delivery was made to the address where Barbara and Kristi lived. At the time of the delivery of the car and at all times subsequent, Barbara had sole custody of Kristi. None of these facts are disputed by USAA.

■ According to *Irvin v. Jones*, 310 Ark. 114, 117, 832 S.W.2d 827 (1992), a valid *inter vivos* gift is effective when the following requirements are proven by clear and convincing evidence:

> (1) the donor was of sound mind; (2) an actual delivery of the property took place; (3) the donor clearly intended to make an immediate, present, and final gift; (4) the donor unconditionally released all future dominion and control over the property; and (5) the donee accepted the gift.

*See also Ragland v. Commercial Nat'l Bank of Ark,* 276 Ark. 418, 420, 635 S.W.2d 258 (1982). In the case at hand, there was clearly actual delivery. The evidence is undisputed that Douglas Beatty lived in another state and never attempted to exercise dominion or control over the automobile and that Kristi Beatty accepted the car. The sole issue is whether Douglas Beatty intended to make the automobile a gift or whether his retaining title indicated that he did not consider the automobile a gift.

■ In order for a gift to be valid, transfer of title is not necessary. The intent of the donor can negate the fact that actual title was not transferred. In *Shipp v. Davis,* 25 Ala. App. 104, 141 So. 366 (1932), a father delivered an automobile to his son, paid for the license and assessment in his own name, and retained title. A valid gift was found despite retention of title because the father passed possession of the automobile to his son on the date of purchase and never exercised dominion or control again. *Id; see also,* 100 A.L.R. 2d 1219, 1232 (1965).

■ Based upon the evidence before us, we determine that there could have been a valid *inter vivos* gift of the automobile to Kristi Beatty, thus giving her an insurable interest in the automobile. Thus summary judgment in favor of USAA was erroneous.

■ Secondly, Kristi Beatty has an insurable interest based upon her possessory interest in the automobile. In *Hinkle v. Perry,* 296 Ark. 114, 119, 752 S.W.2d 267 (1988), we determined that "an insurable interest is not dependent upon ownership. The fact that one has an insurable interest is not probative of ownership but only goes to prove that the interest is among those considered insurable as opposed to those which are not." The court of appeals defined insurable interest by citing *Couch on Insurance,* which states:

> Generally speaking, a person has an insurable interest in property whenever he would profit by or gain some advantage by its continued existence and suffer some loss or disadvantage by its destruction. If he would sustain such loss, it is immaterial whether he has, or has not, any title in, or lien upon, or possession of, the property itself.

*Hartford Fire Ins. Co. v. Stanley,* 7 Ark. App 94, 96, 644 S.W.2d 628 (1983) *citing,* 3 COUCH ON INSURANCE §24:13 (2d ed. 1960).

 According to RICHARDS ON INSURANCE, *Insurable Interest* §2:5, in order to have an insurable interest, a party does not have to have legal title to the property insured, but some legal basis for the assertion of interest. This legal interest can be based upon "(a) factual expectation of damages, (b) property interests, (c) legal liability, (d) and contract right." *Id.* at p. 174. If Douglas Beatty did effectuate a gift to Kristi, she has a property interest in the car by right of a legal property interest. Additionally, Kristi also has an insurable interest through the expectation of economic disadvantage if there is damage to the insured property. Kristi was placed in economic disadvantage when the car was destroyed; she has no car and no proceeds from an insurance policy to procure another one. According to *Couch on Insurance 3d.,* §41:10, "if the insured would sustain a loss by the destruction of the insured property, it is immaterial whether he or she has any title in, lien upon, or possession of, the property itself." *Id., citing Hartford Fire Ins. Co. v. Stanley,* 7 Ark. App. 94, 644 S.W.2d 628 (1983). Furthermore, according to Couch, "any interest in property, legal or equitable, conditional, contingent, or absolute is insurable. Even the mere right to use property is insurable. . ." COUCH ON INSURANCE 3D., §41:10.

 Based upon the foregoing reasons, we hold that Kristi Beatty had an insurable interest in the automobile. As the natural guardian of Kristi Beatty, Barbara Beatty is required by Ark. Code Ann. § 28-65-501 (Supp. 1995) to "have the care and management of the estate" of her daughter. In *Howard et al. v. Ark. Nat'l Bank of Hot Springs et al.,* 214 Ark. 70, 214 S.W.2d 914 (1948), we determined that a guardian could be held liable for failures to exercise prudence and due care in managing the estate of a minor. This legal obligation certainly gives Barbara Beatty an insurable interest in the automobile on behalf of her minor daughter.

 USAA argues that allowing Barbara and Kristi Beatty to recover the insurance proceeds would constitute unjust enrichment because they had no legal obligation to pay for the automo-

bile. We do not find that to be a compelling argument. Given the fact that more than one party can have an insurable interest in a piece of property, Douglas Beatty, too, was free to purchase property insurance to insure against his indebtedness in the car; he simply chose not to do so. Both parties cloud this issue with arguments regarding the duty and ability of one parent over the other to purchase liability insurance to insure Kristi's driving; however, liability insurance is not at issue here. An insurable interest for the purpose of property insurance on the automobile is the only issue. The important facts are undisputed, Barbara, as guardian of Kristi, purchased both liability insurance and property insurance in the same policy; this property insurance was to insure against Kristi's loss of her car; Douglas Beatty did not procure any insurance on the automobile.

▮▮▮ Based upon these the findings of insurable interests, we hold that the trial court erroneously determined that Barbara Beatty and Kristi Beatty did not have insurable interest in the automobile based upon the fact that Douglas Beatty held the certificate of title. Therefore, the court was in error in granting summary judgment to USAA.

Appellants' second argument is that USAA was not authorized to pay the insurance proceeds to a party that was not designated as loss payee on the insurance contract and that was not in privity with the insured. This argument certainly may have merit given the personal nature of insurance contracts and the theory of unjust enrichment; however, it is not clear that the trial court actually addressed this issue, so we will not reach the merits of this argument. In ruling on the issue of insurable interest, the trial court stated, "I further think that USAA may well have made a voluntary payment that they didn't have to make since this lien was not recorded. . .nor was. . .a security interest ever shown. . . ." Since it is clear that the trial court based its granting of summary judgment on the sole finding that neither Barbara Beatty nor Kristi Beatty had an insurable interest, it is on that issue that we remand this case for further proceedings consistent with this opinion.

Reversed and remanded.

NEWBERN and IMBER, JJ., not participating.