Patricia BUNN *v*. Dorothy LUTHULTZ

CA 99-1120                                        13 S.W.3d 915

Court of Appeals of Arkansas
Division I
Opinion delivered April 12, 2000

*Legal Services of Northeast Arkansas*, by: *Louis J. Nisenbaum*, for appellant.

*Tom Allen*, for appellee.

TERRY CRABTREE, Judge. Appellant, Patricia Bunn, purchased a home through owner financing provided by appellee, Dorothy Luthultz, on April 2, 1996. On March 8, 1997, the property was damaged by fire. The appellant had to find other housing and in doing so was unable to make her monthly payments to appellee. On April 14, 1997, appellee offered to take the property back to relieve the appellant of her burden and produced a quitclaim deed for the appellee to sign. The appellee conferred with a friend and agreed to "get out from under the mess," and signed the quitclaim deed.

The original contract of sale provided that appellant would procure and maintain a policy of casualty insurance in a face amount of not less than $70,000 on the improvements situated on the real property. Appellant procured casualty insurance from Terra Nova Insurance Company and was listed as the insured, and appellee was listed as the lienholder. The policy specifically stated, "[L]oss or damage, if any, under this policy, shall be payable to the mortgagee named on the first page of this policy as interest may appear."

Appellant argues that the trial court erred in its finding that the appellee had any interest in the insurance proceeds or the penalties enumerated in Ark. Code Ann. § 23-79-208 (Repl. 1994), when after the loss, she received and accepted a quitclaim deed to the property from the appellant in full satisfaction of the appellant's underlying debt contained in the parties' real estate contract, and, therefore, the proceeds of the insurance policy and penalties should have been awarded to the appellant pursuant to the "foreclosure after loss rule."

■■ We will not reverse the findings of the trial court unless such findings are clearly erroneous or clearly against the preponderance of the evidence. *McQuillan v. Mercedes-Benz Credit Corp.*, 331 Ark. 242, 961 S.W.2d 729 (1998); ARCP Rule 52(a). Disputed facts and determination of the credibility of witthin the province of the factfinder. *McQuillan, supra.*

■ *Arkansas Teacher Retirement v. Coronado*, 33 Ark. App. 17, 801 S.W.2d 50 (1990), dealt with this issue of foreclosure after loss. The prevailing rule in other jurisdictions is that a mortgagee forfeits its right to proceeds from an insurance policy when the loss occurs

prior to the foreclosure and the amount bid at the foreclosure sale is sufficient to satisfy the mortgagee's debt. In the case at bar there was not a foreclosure, but a quitclaim deed. A quitclaim deed is different from foreclosure in that it conveys all rights and entitlements to the grantee, and under the circumstances of this case, it includes interest in insurance proceeds. The property is not subject to sale in a manner that would exceed or satisfy the indebtedness.

■ We have said that a mortgagee can retain only so much of the insurance proceeds as will cover his interest in the property. *See Wilbanks & Wilbanks, Inc. v. Cobb,* 269 Ark. 936, 939, 601 S.W.2d 601, 603 (Ark. App. 1980). "[W]hen a mortgagee is named as loss payee in its mortgagor's insurance policy, and a loss occurs, the mortgagee is entitled to enough of the proceeds to satisfy the mortgage indebtedness." *Echo, Inc. v. Stafford,* 21 Ark. App. 201, 205, 730 S.W.2d 913, 915 (1987).

■ When appellee accepted the conveyance of the property from appellant by quitclaim deed, the trial court found it was a release of the appellant by the appellee from all obligations under the real estate contract entered into by and between the parties on April 2, 1996. Therefore, the appellant conveyed all of her interest in the insurance proceeds and lost her status as an assignee as she had no insurable interest.

Affirmed.

ROBBINS, C.J., and BIRD, J., agree.