### In re BALSIER.

(District Court, W. D. Pennsylvania. June 25, 1914.)

BANKRUPTCY (§ 345*)—JUDGMENT LIEN—PROCEEDS OF FIRE INSURANCE POLICY.
    A judgment creditor of a bankrupt, having a lien on his real estate, has no better claim than any other creditor to the proceeds of a fire insurance policy taken by the bankrupt for his own benefit, since the money does not arise from the real estate but from the personal contract of the bankrupt.
    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 531, 532, 534, 539, 540; Dec. Dig. § 345.*]

In Bankruptcy. In the matter of Frank Balsier, bankrupt. On review of order of referee disallowing claim of the Pittsburgh Provision & Packing Company for preference. Order confirmed.

The money payable as the proceeds of a policy of insurance taken out by the bankrupt prior to bankruptcy for his own benefit does not arise from real estate, but from a personal contract, and, upon distribution, will be awarded to the trustee in bankruptcy, and not to the judgment creditor of the bankrupt. The judgment creditor of the bankrupt, claiming a preference by reason of its lien ,on the real estate of the bankrupt, has no more title to the proceeds of the insurance policy than any other creditor.

J. Wallace Paul and George A. Foster, both of Johnstown, Pa., for petitioner.

The lien creditor is entitled to the proceeds of the insurance. Nichol's Appeal, 128 Pa. 428, 18 Atl. 333, 5 L. R. A. 597; O'Brien's Estate, 19 Pa. Co. Ct. R. 467.

Thomas H. Hasson, of Pittsburgh, Pa., and F. C. Sharbaugh, of Edensburgh, Pa., for trustee.

A claim on the insurance money can arise only out of a contract, and one who has a lien only on the insured property has no claim to the insurance money. 19 Cyc. 887; 28 Cent. Dig. tit. "Insurance," § 1439; Mosser v. Donaldson, 7 Sadler (Pa.) 277, 10 Atl. 766; Columbia Insurance Co. v. Lawrence, 35 U. S. (10 Pet.) 507, 9 L. Ed. 512; Ridley v. Ennis, 70 Ala. 463; Vandegraaff v. Medlock, 3 Port. (Ala.) 389, 29 Am. Dec. 256; Carter v. Rockett, 8 Paige (N. Y.) 437; Beach on the Law of Insurance, vol. 2, p. 581, § 1117; Farmers' Loan & Trust Co. v. Penn Plate Glass Co., 186 U. S. 434, 22 Sup. Ct. 842, 46 L. Ed. 1234.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes

ORR, District Judge. This matter comes before the court upon a petition to review the action of the referee in disallowing the claim of the Pittsburgh Provision & Packing Company, creditor, as a preferred claim, and upon exceptions to the action of the referee.

The question is very simple. The petitioner had been a judgment creditor of the bankrupt for some years, when a fire occurred, destroying a building owned by the bankrupt and situate on land subject to the lien of petitioner's judgment. The petitioning creditor, after the fire, issued a writ of attachment execution upon its judgment and summoned the insurance company as garnishee, thereby trying to establish an equitable assignment of the proceeds of the insurance policy for its benefit as a lien creditor. Within four months after the issuance of such attachment execution, proceedings in bankruptcy were entered against the owner of the insured premises and the defendant in the judgment. The proceedings upon the execution attachment were stayed as giving an unlawful preference to the judgment creditor. The proceeds of the insurance policy were paid to the trustee in bankruptcy. The petitioner now seeks to have its claim allowed in full out of the proceeds of insurance, invoking what petitioner believes some equitable principle whereby moneys arising from real estate shall be applied in reduction of the liens thereon. Unfortunately for the petitioner, the money in this case did not arise from the real estate, but from a personal contract entered into between the bankrupt and the insurance company. It cannot be pretended that a judgment creditor stands in any better position than a mortgagee of real estate. We find this language used by Mr. Justice Story in delivering the opinion of the Supreme Court in Columbia Insurance Co. v. Lawrence, 10 Pet. 507, 512, (9 L. Ed. 512):

"We know of no principle of law or of equity by which a mortgagee has a right to claim the benefit of a policy underwritten for the mortgagor on the mortgaged property, in case of a loss by fire. It is not attached, or an incident to his mortgage. It is strictly a personal contract for the benefit of the mortgagor; to which the mortgagee has no more title than any other creditor."

That such is still the law, there can be no doubt. See Farmers' Loan & Trust Company v. Penn Plate Glass Co., 186 U. S. 434, 22 Sup. Ct. 842, 46 L. Ed. 1234.

The referee was clearly right in his conclusions.