In the Matter Joseph W. COSTA, Jr., Individually and d/b/a Ridgewood Racquet Club, Debtor.

Bankruptcy No. 83–04080.

United States Bankruptcy Court, D. New Jersey.

March 12, 1985.

Brian Kriger, Okin, Pressler, Cohen & Hollander, Fort Lee, N.J., for debtor.

Sheri Siegelbaum, Department of Law, City of Hackensack, N.J., for City of Hackensack.

OPINION and ORDER

D. JOSEPH DeVITO, Bankruptcy Judge.

The interim trustee in the captioned proceedings seeks an order directing the reissuance of checks delivered in settlement of a fire loss insurance claim to the order of the interim trustee. The motion is opposed by the holder of the first mortgage on the property underlying the claim and by the City of Hackensack, the situs of said property.

The debtor herein filed a Chapter 11 petition under Title 11 of the U.S. Code on July 7, 1983. Shortly prior thereto, specifically, on June 28, 1983, an apartment house owned by the debtor, located at 257 Essex Street, Hackensack, New Jersey, suffered fire damage.

On September 5, 1984, the Chapter 11 proceeding was converted to a case under Chapter 7 of the Bankruptcy Code. As a result of the fire, the debtor filed a claim with the Bakers Insurance Company, underwriter of a fire insurance policy insuring the property against fire loss.

On September 29, 1983, checks totaling $16,470.94, in settlement of the claim, were issued by the insurance carrier, payable to the order of multiple payees, including the first mortgagee and the Tax Collector for the City of Hackensack. The Court notes that on the date the checks were issued, there were outstanding real property taxes due the City of Hackensack in the approximate amount of $7,000.

Despite his inability to gain access to the settlement funds, the debtor proceeded to completely repair and restore the property. Relying on the provisions of N.J.S.A. 17:36–8 *et seq.*[1] the City of Hackensack makes claim to the fire insurance proceeds to permit satisfaction of the outstanding balance of property taxes levied against

---

1. The provisions of N.J.S.A. 17:36–8 *et seq.* were adopted as required by the City of Hackensack, pursuant to Article 1, 6–4–79 as ordinance # 18–79.

the debtor's property. The relevant portion of the aforecited statutory provision limits payment by the insurer to the insured of any insurance proceeds in excess of $2,500.

In its supporting papers, the trustee refutes any claim of either the first mortgagee or the City of Hackensack to the proceeds of the fire insurance policy, relying principally upon the decisional laws of the courts of the State of New Jersey. As to any claim that the first mortgagee may have to the fire insurance proceeds, this Court looks to the Bankruptcy Code and the definition therein of what constitutes property of the estate. In 11 U.S.C. § 541[a][1], we find that all legal and equitable interests of the debtor in property as of the commencement of the case are considered property of the estate. It is well settled that money payable as proceeds of a fire insurance policy issued prior to the commencement of a bankruptcy proceeding falls within the purview of this statute. Such proceeds arise from a contract between the underwriter and the insured, and not from the property. 4 *Collier on Bankruptcy* ¶ 541.12 (15th ed. 1979). *Accord In re Balsier*, 215 F. 134 (W.D.Pa.1914).

By analogy, in *Hanover Insurance Co. v. Tyco Industries, Inc. and J. Douglas Corey, Trustee in Bankruptcy of Parkway Industries Company*, 500 F.2d 654 (3d Cir.1974), the Circuit Court reached the same conclusion with respect to theft insurance. In the latter case, Hanover had insured Parkway against loss or theft of its property. Tyco had delivered certain toys to Parkway, thereafter stolen. Upon Parkway's refusal to pay for the toys, Tyco sought to lay claim to the proceeds of Parkway's theft insurance policy. The Third Circuit held, *inter alia*, that the policy and its proceeds constituted an asset of Parkway's estate and that the trustee, accordingly, had a superior right to the proceeds from the settlement with Hanover. *Id.* at 656–57.

The Court views that the repair and restoration of the property, substantially to its pre-fire condition, made by and at the expense of the debtor, provides "adequate protection" for the first mortgagee's interest as that term is recognized in the Bankruptcy Code. 11 U.S.C. § 361.

We turn now to the City of Hackensack's tax claim, and note, as stated in *In re Chicago Rapid Transit Co.*, 129 F.2d 1, 4 (7th Cir.1942), that "[s]ole jurisdiction in bankruptcy is by the Constitution lodged in the National Government. That power, when given expression in legislation by Congress, is paramount and transcends and supersedes all inconsistent state laws." Were this Court to find the state law foundation for the City of Hackensack's claim to be inconsistent with the intent and purpose of the Bankruptcy Code, the claim would then, by necessity, fail.

Though the Bankruptcy Code provides a scheme of priorities for certain enumerated expenses and claims, in which property tax claims occupy the seventh rank in priority, see 11 U.S.C. § 507[a][7][B], such priority does not rise to the level of a secured or preferential position. Application of § 507[a][7][B] must await distribution of the assets of the estate at or following the final meeting.

By reason of all of the foregoing, this Court concludes that the first mortgagee and the City of Hackensack have no claims against the proceeds of the fire insurance policy. Accordingly, this Court grants the motion of the interim trustee and hereby orders the Bakers Insurance Company to reissue the checks delivered in settlement of the debtor's fire loss claim, made payable to the order of the trustee.