In re Sylvia Fern WOODS, Route 1, Box 673, Max Meadows, Virginia 24360, Debtor.

Sylvia Fern WOODS, Plaintiff,

v.

JOHN FOX OLDSMOBILE, INC., et al., Defendants.

Bankruptcy No. 7–88–01438–BKC–HPA. Adv. No. 7–88–0222.

United States Bankruptcy Court, W.D. Virginia, Abingdon Division.

March 2, 1989.

John M. Lamie, Browning, Morefield, Lamie and Sharp, P.C., Abingdon, Va., for debtor/plaintiff.

David J. Hutton, Boucher, Mitchell and Hutton, Abingdon, Va., for defendants.

1. 11 U.S.C. § 541(a)(6) includes as property of the estate, "[p]roceeds, product, offspring, rents,

## MEMORANDUM OPINION AND ORDER

H. CLYDE PEARSON, Chief Judge.

The issue before the court is whether insurance proceeds resulting from the destruction of the debtor's automobile rightfully belong to the debtor or the first lienholder on the vehicle.

The facts are as follows: Sylvia Woods ("debtor") filed a Chapter 13 petition in this court on September 8, 1988. At that time, debtor owned a 1983 Oldsmobile Omega automobile encumbered by two liens. The vehicle's Certificate of Title listed First Virginia Bank–Southwest ("FVB") as the first lienholder, and John S. Fox Oldsmobile, Inc. ("Fox Oldsmobile") as the second lienholder. The amount due and owing to FVB was $2,308.41, while the value of Fox Oldsmobile's lien was approximately $550.00.

Debtor filed this adversary proceeding on November 2, 1988, to determine the validity and extent of the liens on the vehicle. Debtor contended that since the market value of the vehicle was $1,500.00, FVB's lien should be limited to that amount and the lien of Fox Oldsmobile should be declared void. FVB contested the value placed on the vehicle by debtor, stating that the vehicle's value was equal to or in excess of the amount of its lien. FVB requested, therefore, that the court determine its lien on the vehicle to be equal to the amount of its claim, or $2,308.41.

Soon thereafter, debtor's vehicle was totally destroyed in a traffic accident. On December 9, 1988, debtor, pursuant to Bankruptcy Rule 9019, requested the court to permit her to accept the $1,800.00 settlement offered by her insurance carrier for the damage done to the vehicle. FVB subsequently objected to the disbursement of the insurance proceeds to debtor, seeking instead to apply the proceeds to the lien it maintained on the now destroyed vehicle.

Insurance policies and the derivative proceeds thereon received by the debtor are property of the debtor's estate under 11 U.S.C. § 541(a)(6).[1] *Bradt v. Woodlawn*

and or profits of or from property of the estate...."

*Auto Workers, F.C.U.,* 757 F.2d 512, 515 (2d Cir.1985); *In re Island Helicopter Corp.,* 63 B.R. 515, 522 (Bankr.E.D.N.Y. 1986); *In re Pied Piper Casuals, Inc.,* 50 B.R. 549, 550 (Bankr.S.D.N.Y.1985). A creditor whose security interest extends to insurance proceeds is only entitled to adequate protection,[2] and is not entitled to possession of the collateral nor the insurance proceeds. *Bradt v. Woodlawn Auto Workers, F.C.U.,* 757 F.2d at 516; *In re Island Helicopter Corp.,* 63 B.R. at 522. Where the debtor receives insurance proceeds post-petition, the court must determine whether the equities of the case will permit a security interest in such proceeds to survive the bankruptcy filing. 11 U.S.C. § 522(b). In *United Virginia Bank v. Slab Fork Coal Co.,* 784 F.2d 1188 (4th Cir.1986), the court stated:

> Notwithstanding our decision today, it should be noted that § 552(b) gives the bankruptcy court considerable latitude in applying pre-petition security interests to post-petition proceeds. As evidenced by the final clause in § 552(b), a bankruptcy court may choose not to apply a pre-petition security interest to post-petition proceeds "based on the equities of the case." It appears clear from the legislative history related to § 552 that Congress undertook in that section to find an appropriate balance between the rights of secured creditors and the rehabilitative purposes of the Bankruptcy Code. The latitude afforded to the bankruptcy court seems to this court to indicate that such a balancing of interests was intended in the framing of § 552.

784 F.2d at 1191. *See also In re Island Helicopter Corp.,* 63 B.R. at 522–23.

 Insurance is intended to ameliorate the creditor's secured status. Therefore, a court may decline to enforce an equitable lien where the debt is sufficiently secured through other means. In the present case, debtor desires to use the insurance proceeds to purchase a vehicle to replace the destroyed one. Since a vehicle is essential for debtor's Chapter 13 plan to succeed,

and FVB's lien can readily attach to the new vehicle, the equities of this proceeding compel the court to make the insurance proceeds payable to the debtor to be used to purchase substitute vehicle and impress lien as directed herein and for no other use. In light of the rehabilitative nature and purpose of the Bankruptcy Code, it is hereby ORDERED that the compromise and settlement be approved; that the proceeds be used by the debtor to replace the vehicle; that FVB's lien be placed upon title to the replacement vehicle to the extent of $1,800.00 and paid pursuant to the Plan as modified if necessary; and that the second lien of John S. Fox, Oldsmobile, Inc., be and is avoided upon the destroyed 1983 Oldsmobile vehicle and said claim shall be a general unsecured claim payable under the Plan as amended if necessary, as well as the remaining balance of FVB's claim in excess of $1,800.00.

---

**2.** Where property secures an outstanding debt to a creditor, the court may condition such proposed use on debtor's adequate protection of its secured creditor's interest in the property. 11 U.S.C. § 363(e).