**In re Don Keith HEIL, and Joni Haesemeyer Heil, Debtors.**

**Bankruptcy No. 391–33043–HCA–7.**

United States Bankruptcy Court,
N.D. Texas,
Dallas Division.

June 17, 1992.

Jeanne Crandall, Reyna, Hinds & Crandall, Dallas, Tex., for Barry N. Henry.

Philip I. Palmer, Jr., Palmer & Palmer, Dallas, Tex., for debtors.

Harry L. Cure, Jr., Fort Worth, Tex., Trustee.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

HAROLD C. ABRAMSON, Bankruptcy Judge.

On the 15th day of April, 1992, came on for hearing a Notice of Proposed Sale filed

by a creditor in this proceeding and Debtors' Objection to the Proposed Sale. Upon determining that the matter was not properly presented to the Court, the Court gave the parties additional time to file supplemental briefs to address certain issues raised by the Court. Specifically, the Court was faced with the issue of whether Debtor's ownership interest in stock of Chase Consolidated, Inc. ("Chase") had been properly abandoned by the Chapter 7 Trustee. To assist the Court in making such determination, the Court directed the parties to brief the questions of what procedures must be followed to abandon property of the Estate, and whether a representative of the Trustee has authority to abandon property of the Estate on behalf of the Trustee.

## FINDINGS OF FACT

1. On Schedule B-2, Debtors listed the value of their 55% ownership interest in Chase as "Unknown" with a parenthetical statement that it had more liabilities than assets.

2. The § 341 creditors' meeting was conducted on May 16, 1991. The Trustee's legal assistant presided over the meeting, which was attended by Debtors, Debtors' counsel, and counsel for Barry N. Henry ("Henry"), a creditor in this bankruptcy proceeding.

3. The only language in the § 341 notice relating to abandonment of estate property is the statement that "[t]he trustee may announce his intention to abandon non-exempt property at the meeting, without further notice to creditors."

4. Upon a review of a tape recording of the § 341 meeting, the Court finds that there was not a clear statement of intent to abandon the Chase stock. Although the Trustee's representative stated that the stock was not worth anything and that she would abandon the stock, Debtor's counsel was speaking *at the same time.* Because of the intermittent conversation, the statement of abandonment was not a clear statement of a present act.

5. On May 20, 1991, the Trustee filed his Trustee's Report After Meeting of Creditors (the "Trustee's Report") with the Court, which provided, *inter alia,* that "stock" was abandoned as burdensome. The Trustee's Report further requested that the case be closed as a no-asset case.

6. On July 15, 1991, Henry filed his Creditor's Objection to Trustee's Abandonment of Property (the "Objection to Abandonment"), contending that the Trustee failed to serve notice of the purported abandonment as required by Bankruptcy Rule 6007(c).[1]

7. Henry did not request a setting on the Objection to Abandonment until December 23, 1991, whereupon the Court set it for hearing on March 11, 1992.

8. On January 6, 1992, the Trustee filed an Answer to Creditor's Objection requesting that the Objection to Abandonment be denied.

9. However, on March 6, 1992, Henry filed a Notice of Proposed Sale stating that the Trustee had agreed to sell all of the Chase stock held by Debtors, free and clear of liens, to Henry for the sum of $1,001.00. The Notice of Proposed Sale further provided that the hearing set for March 11, 1992, pertaining to the Objection to Abandonment was cancelled.

10. On March 12, 1992, Debtors filed their Objection to Proposed Sale of Non-Estate Assets. Both the Notice of Proposed Sale and Objection were scheduled for hearing for April 15, 1992.

11. On March 27, 1992, the Trustee filed a Request to change the status of the case from a no-asset case to an asset case.

## CONCLUSIONS OF LAW

1. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N) and (O).

2. Abandonment of estate property is governed by § 554 of the United States Bankruptcy Code (the "Code") which provides:

---

1. The Court notes that Rule 6007(a) is the notice provision for abandonment, whereas Rule 6007(c) delineates when a court should set a hearing on a proposed abandonment.

(a) After notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.

(b) On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.

(c) Unless the court orders otherwise, any property scheduled under section 521(1) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor and administered for purposes of section 350 of this title.

(d) Unless the court orders otherwise, property of the estate that is not abandoned under this section and that is not administered in the case remains property of the estate.

■ 3. The Code's definition of the phrase "after notice and a hearing" in § 102(1) authorizes abandonment without an actual hearing provided proper notice is given and no party requests a hearing. 11 U.S.C. § 102(1); *n re Trim–X, Inc.*, 695 F.2d 296, 300 (7th Cir.1982); *Westphal v. Norwest Bank (In re Missouri River Sand & Gravel, Inc.)*, 88 B.R. 1006, 1010 (Bankr. N.D.1988).

4. Bankruptcy Rule 6007 implements § 554 of the Code by setting forth the procedures to be followed with respect to abandonments. Rule 6007(a) provides:

(a) Notice of Proposed Abandonment or Disposition; Objections. Unless otherwise directed by the court, the trustee or debtor in possession shall give notice of a proposed abandonment or disposition of property to all creditors, indenture trustees and committees appointed or elected pursuant to the Code. An objection may be filed and served by a party in interest within 15 days of the mailing of the notice, or within the time fixed by the court.

■ 5. The party seeking to establish abandonment bears the burden of proof that the property was abandoned. *In re Missouri River Sand & Gravel*, 88 B.R. at 1010; *Barletta v. Tedeschi*, 121 B.R. 669, 672 (N.D.N.Y.1990).

■ 6. The failure to properly abandon property of the estate in a manner consistent with § 554(a) of the Code renders the purported abandonment ineffective. *In re Missouri River Sand & Gravel*, 88 B.R. at 1010.

■ 7. Notice of the intended abandonment must be given to provide parties an opportunity to object and seek a hearing in the event of an objection.[2] *Id.*

■ 8. In a case similar to the one at bar, the Fifth Circuit Court of Appeals held that a notice of a proposed abandonment could be incorporated in the notice for the § 341 meeting, provided that the notice was adequate to accomplish its intended purpose of providing an opportunity for potential opposition to the abandonment to file objections and be heard by the court. *Killebrew v. Brewer (In re Killebrew)*, 888 F.2d 1516, 1522–23 (5th Cir.1989). The Fifth Circuit Court of Appeals went on to hold that the notice involved was inadequate because it did not specify which property the trustee intended to abandon and only stated that the trustee would reveal his specific plans at the creditors' meeting.[3] *Id.* at 1523.

---

**2.** An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. The notice must be of such nature as reasonably to convey the required information and it must afford a reasonable time for those interested to make their appearance.

*Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950) (citations omitted).

**3.** The § 341 notice in the *Killebrew* case provided as follows:

NOTICE IS FURTHER GIVEN that the trustee of this estate is empowered to abandon or sell, at the scheduled meeting of Creditors, movable assets of the debtor. At the meeting, the trustee shall announce which actions he plans to take and which assets are affected

9. The notice in the case at hand failed to specify the property to be abandoned other than the general description of "non-exempt" property. Furthermore, the § 341 notice stated that the Trustee may "announce his intention" to abandon, which implies some further action to be taken by the Trustee. The Court finds that the § 341 notice was not effective to accomplish the intended purpose of notice provisions, and therefore, was inadequate to effectuate abandonment of estate property. *Id.*

10. One court has noted that "due to the legal effects of abandonment on the rights of both the trustee and the bankrupt, it is desirable that there be clear and unequivocal action in matters of abandonment." *In re Sire Plan, Inc.*, 100 B.R. 690, 693 (Bankr.S.D.N.Y.1989) (decided under the Bankruptcy Act of 1898).

11. There was no abandonment in this case for three reasons:

(a) The record before this Court fails to establish an unequivocal intent to abandon. The statement of abandonment made at the § 341 meeting was insufficient to establish a clear intent to abandon the Chase stock. Furthermore, although the Trustee now contends that the stock has been abandoned, his actions throughout this case show that he was unsure whether it had been properly abandoned. Subsequent to the § 341 meeting, the Trustee agreed to sell the stock to Henry. Because of the proposed sale, the Trustee also filed a request to change the status of the case from a no-asset case to an asset case.

(b) Section 554 of the Code provides that the only party with standing to actually abandon property of the estate is the trustee. *In re Wideman*, 84 B.R. 97, 99 (Bankr.W.D.Tex.1988); *In re Gantt*, 98 B.R. 770, 771 (Bankr.S.D.Ohio 1989). The Trustee did not attend the § 341 meeting, instead having his legal assistant preside at the meeting. While the Court is not deciding the propriety of having a designee of a Chapter 7 trustee preside over § 341 meetings, the Court notes that the Trustee is a fiduciary to the estate, and is the only one with standing to abandon property of the estate. 11 U.S.C. § 554. The Trustee's inattention to duty has caused the parties much expense and uncertainty.

(c) The Trustee did not follow the requisite procedures to abandon the stock without an order of the Court by failing to provide sufficient notice of an intent to abandon particular property of the Estate, to wit: the Chase stock.

For the above reasons, the Court holds that the Chase stock was not abandoned by the Trustee, and thus, remains property of the Estate. The Court is continuing the hearing on the proposed sale of the stock and objection thereto to be heard at an evidentiary hearing which may be requested by any party in interest.

---

thereby. Any objection to the trustee's planned action must be filed within twenty days after the date set for the meeting of creditors. If objection is filed, the matter shall be fixed for hearing by the Court. If no objection is filed, the trustee shall proceed accordingly.