**In re Louis Monroe McDADE and Brenda Gail Neely McDade, Debtors.**

**Bankruptcy No. 91–30168.**

United States Bankruptcy Court, S.D. Illinois.

Nov. 12, 1992.

James W. McRoberts, Belleville, IL, trustee.

Ronald A. Buch, Belleville, IL, for trustee.

Alice Treumann, Clayton, MO, for debtors.

Steven M. Wallace, East St. Louis, IL, for Mazda.

## OPINION

BASIL H. COUTRAKON, Bankruptcy Judge.

Before the Court is a Motion to Compel Payment of Insurance Proceeds which raises the question of proper disposition of insurance proceeds paid as a result of a destroyed motor vehicle, the sum of which insurance proceeds exceeds the secured claim of the lienholder.

Louis Monroe McDade and Brenda Gail Neely McDade ("Debtors") filed their bankruptcy petition under Chapter 13 of the Bankruptcy Code on February 15, 1991. On March 4, 1991, Mazda American Credit ("Mazda") filed its proof of claim, asserting a secured claim in the amount of $6,029.39, based upon a properly perfected security interest in a 1987 Mazda pickup truck. Debtors' Chapter 13 plan was confirmed by this Court on April 11, 1991. On September 9, 1991, Debtors objected to Mazda's claim, asserting that the actual value of the 1987 pickup was $3,000.00. Mazda and Debtors later stipulated that the true value of the pickup securing Mazda's claim was $4,850.00. Thus, Mazda's claim was to be treated as secured to that amount, and above that amount treated as unsecured. On June 1, 1992, the pickup was totally destroyed in an accident. Debtors' insurance company paid the sum of $4,365.00 to cover the loss. After a series of disputes between Mazda and James W. McRoberts, Chapter 13 Trustee ("Trustee"), Mazda filed its Motion to Compel Payment of Insurance Proceeds on September 8, 1992, to which Trustee filed a response and objection. The Court heard oral argument on October 5, 1992, and ordered the parties to submit their memoranda of law setting forth their respective positions. Both parties have submitted briefs which strongly and articulately make their arguments.

Trustee has already paid $1,017.67 to Mazda on its claim in accordance with Debtor's confirmed plan. The dispute before the Court poses the following question: how much of the $4,365.00 insurance proceeds is Mazda entitled to receive? Mazda asserts that it has a lien equal to the full amount of its claim and, therefore, is entitled to the entire amount of insurance proceeds held by the Trustee. Trustee asserts that Mazda is only entitled to receive insurance proceeds in the approximate amount of $3,832.33, being the value of the collateral on the petition date ($4,850.00) less principal payments received under the plan ($1,017.67), with the remainder of the insurance proceeds to be distributed pro-rata to unsecured creditors.[1]

---

1. As a preliminary matter, this Court notes that the parties' stake in the outcome of these pro-

After having given the matter much consideration, this Court concurs with the Third Circuit Court of Appeals in *Sapos v. Provident Institution of Savings in the Town of Boston,* 967 F.2d 918 (3rd Cir.1992), wherein the court holds that a Chapter 13 debtor may "cram down" an undersecured claim to reflect the present value of the collateral, with the result being that the creditor's claim is converted to secured debt up to the present value of the property and is unsecured debt as to the remainder. The Third Circuit reaches this conclusion by following the lead of the Second Circuit in *In re Bellamy,* 962 F.2d 176 (2d Cir.1992), holding that the United States Supreme Court decision in *Dewsnup v. Timm,* — U.S. —, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992), is limited to Chapter 7 liquidations only and does not reach reorganizations under Chapter 13.

*Dewsnup* stands for the proposition that a Chapter 7 debtor cannot "strip down" a creditor's lien on real property to a judicially determined value of the collateral where the creditor's claim was secured by a lien and had been fully allowed. Mazda argues that the rationale and result in *Dewsnup* are applicable to a proceeding under Chapter 13, as well as other reorganization provisions of the Bankruptcy Code. Mazda states that it has a lien against the pickup truck to the extent of its entire claim, notwithstanding the stipulated value of the collateral. This Court is unable to concur with Mazda's argument.

In *Dewsnup,* Justice Blackmun made it a point to caution against overbroad application of the judgment by stating:

Hypothetical applications that come to mind and those advanced at oral argument illustrate the difficulty of interpreting (Section 506) in a single opinion that would apply to all possible fact situations. We therefore focus upon the case

before us and allow other facts to await their legal resolution on another day.
— U.S. at —, 112 S.Ct. at 778.

The above language permitted the Third Circuit in *Sapos* to conclude that the *Dewsnup* Court's interpretation of Section 506 in a Chapter 7 liquidation does not apply to Chapter 13 reorganizations. This Court agrees, and further notes that Section 1322(b)(2) of the Bankruptcy Code was irrelevant to the facts set forth in *Dewsnup* whereas in *Sapos* as well as in the case at bar, Section 1322(b)(2) is applicable and must be considered.

Section 1322(b)(2) specifically permits a Chapter 13 plan to modify the rights of holders of secured claims (other than a claim secured only by a security interest in real property that is the debtor's principal residence) or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims.

The Debtors here bifurcated Mazda's claim, which resulted in Mazda having an allowed secured claim in the amount of $4,850.00 and an unsecured claim in the amount of $1,179.39. Further, Mazda stipulated to the valuation of the collateral being $4,850.00. A judgment in favor of Mazda would require that this Court totally disregard the express language of Section 1322(b)(2) as well as overlook the fact that Mazda stipulated to the value of the collateral and impliedly acknowledged its unsecured status with respect to the portion of its claim in excess of the $4,850.00.

For the reasons stated above, Mazda's Motion to Compel Payment of Insurance Proceeds is granted in part and denied in part. Trustee shall pay to Mazda from the insurance proceeds the sum of $3,832.33 as the remainder due on its secured claim. The remaining unsecured portion of Mazda's claim, being $1,179.39 ($6,029.39 minus $1,017.67 minus $3,832.33), shall be treated as a general unsecured claim, entitled to

ceedings is not great. A judgment in favor of Mazda results in payment to Mazda of the entire insurance proceeds ($4,365.00) plus the payments previously received under the plan ($1,017.67) plus approximately 40% of its unsecured claim ($258.69) for a total of $5,641.36. A

judgment in favor of the Trustee results in payment to Mazda of $3,832.33 of the insurance proceeds plus the payments previously received under the plan ($1,017.67) plus approximately 40% of its unsecured claim ($471.76) for a total of $5,321.76. The difference is $319.60.

pro-rata satisfaction through the terms of the Debtor's Chapter 13 plan.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.