**In re T & T ROOFING AND SHEET METAL, INC., Debtor.**

**Bankruptcy No. 392–34751–SAF–7.**

United States Bankruptcy Court,
N.D. Texas,
Dallas Division.

May 12, 1993.

Harry L. Cure, Jr., Cure & Ward, Ft. Worth, TX, Chapter 7 Trustee.

David M. Berman, Nichols, Jackson, Kird & Dillard, Dallas, TX, for City of Balch Springs.

## ORDER ON THE CITY OF BALCH SPRINGS' MOTION FOR PAYMENT OF ADMINISTRATIVE EXPENSES

STEVEN A. FELSENTHAL, Bankruptcy Judge.

T & T Roofing and Sheet Metal, Inc., the debtor, filed a petition under Chapter 7 of the Bankruptcy Code on May 26, 1992. The United States Trustee selected Harry L. Cure as the interim trustee. The City of Balch Springs filed a proof of claim for various unpaid taxes. The trustee objected to the claim. In its response, the city moved the court for an administrative expense. The city contends that ad valorem taxes of $719.24 on personal property owned by the debtor on January 1, 1992, but not actually assessed until on or about October 1, 1992, should be considered an administrative expense. The trustee ar-gues that the estate cannot be liable for the taxes because he abandoned the property against which they were assessed. The court conducted a hearing on the trustee's objection and the city's motion on February 25, 1993, and provided the parties with an opportunity to file post-hearing briefs. At the hearing, the parties agreed to the treatment of the city's claims for multiple tax years up to and including 1991 and also agreed that the city's claims would be treated as secured by the trustee if he held any property subject to the city's lien. The sole question before the court concerns the treatment of the 1992 taxes.

The city asserts that the $719.24 tax claim constitutes an administrative expense under 11 U.S.C. § 503. A pre-petition claim allowable under 11 U.S.C. § 502 cannot be an administrative expense under § 503, although it can be given priority over other pre-petition claims. Accordingly, § 503(b)(1)(B) excludes taxes "of a kind specified in Section 507(a)(7)." Section 507(a)(7)(B) accords seventh priority to "a property tax assessed before the commencement of the case and last payable without penalty after one year before the date of the filing of the petition." To determine whether the taxes can be an administrative expense, the court must first determine whether they constitute a pre-petition claim.

The Bankruptcy Code defines a claim as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." 11 U.S.C. § 101(5). Under Texas law, taxable property is assessed as of January 1 of each year. Tex.Prop.Tax Code § 23.01 (Vernon 1992). Although effective January 1, the actual assessment does not take place until after September 1. The person who owns the property on January 1 of the year for which the tax is imposed has liability even if the owner as of January 1 does not own the property for the entire year. Tex.Prop. Tax Code § 32.07(a) (Vernon 1992). Under Texas law, the debtor became liable for the 1992 taxes on January 1, 1992. *In re Fair-*

*child Aircraft Corp.*, 124 B.R. 488, 494 (W.D.Tex.1991). As of January 1, the city had an unliquidated right to a payment of ad valorem taxes on personal property owned by the debtor contingent upon a subsequent act of assessment. When the debtor filed its bankruptcy petition on May 26, the city had a claim under the Bankruptcy Code for ad valorem taxes.

The bankruptcy court in *Fairchild Aircraft Corp.* concluded that the act of assessment, not the effective date of assessment, should govern the determination. That court reasoned that if the act of assessment occurred post-petition, the taxes should be recognized as an expense of administering the estate under § 503(b)(1)(B) and paid first under § 507(a)(1). Under § 507(a)(7)(B), property taxes assessed pre-petition but payable without penalty post-petition constitute a pre-petition claim with priority, not a post-petition administrative expense. Section 503(b)(1)(B). By statutory definition, before the creation of a bankruptcy estate to be administered, the city held a contingent, unliquidated right to payment, a claim. The *Fairchild Aircraft Corp.* court's reading of § 507(a)(7)(B) effectively disregards that right to payment which exists irrespective of the creation of the bankruptcy estate. By reading the term "assessed" in § 507(a)(7)(B) to refer to the effective date of assessment, rather than the act of assessment, this court recognizes the pre-petition claim under §§ 101(5) and 502 and harmonizes §§ 101(5), 502, 503 and 507. By definition, pre-petition claims do not constitute expenses of administering a bankruptcy estate. The Code must be read as a whole, giving effect to all its provisions. *See United States Savings Assn. of Texas v. Timbers of Inwood Forest Associates, Ltd.*, 484 U.S. 365, 371, 108 S.Ct. 626, 630, 98 L.Ed.2d 740 (1988).

The trustee contends that he abandoned the property. Bankruptcy courts have consistently held that abandonment back to the debtor is effective as of the date of the bankruptcy petition. *See In re Dastugue*, 1992 WL 21361 (E.D.La.1992); *but see U.S. v. Grant*, 971 F.2d 799, 805 (1st Cir.1992) (*en banc*). The trustee argues that an administrative expense cannot be imposed on the estate under those circumstances, as the estate would have received no benefit for the property and the corresponding tax obligation. *See NL Industries, Inc. v. GHR Energy Corp.*, 940 F.2d 957, 966 (5th Cir.1991). The record, however, does not establish that the trustee has abandoned the property. *See In re Heil*, 141 B.R. 112 (Bankr.N.D.Tex.1992). The record does contain an order lifting the automatic stay to permit foreclosure of a security interest in the debtor's property that would appear to include the property subject to the city's taxes. The record does not reflect whether the property has been removed from the estate by foreclosure. This claim objection and motion does not raise the issue of the treatment of taxes on property administered by the trustee, if any, on and after January 1, 1993.

Accordingly,

**IT IS ORDERED** that the motion of the City of Balch Springs for an administrative expense for the 1992 taxes of $719.24 is **DENIED.** The taxes constitute a pre-petition claim to be paid pursuant to § 507(a)(7) to the extent not satisfied by any security interest.