**In re Aaron Monroe GIBSON, Debtor.**

**Bankruptcy No. 96–41062M.**

United States Bankruptcy Court,
E.D. Arkansas,
Western Division.

Dec. 27, 1997.

---

Kent Pray, North Little Rock, AR, for Debtor.

Richard Kalkbrenner, Little Rock, AR, for Newcourt.

## ORDER

JAMES G. MIXON, Bankruptcy Judge.

This matter is before the Court upon the objection to confirmation of the proposed modified plan of Aaron Gibson ("Debtor") filed by Newcourt Financial, a division of Newcourt Financial Inc. ("Newcourt"). At a hearing on the objection on January 17, 1997, the parties submitted stipulated facts and exhibits, and the Court took the matter un-

der advisement. For the reasons stated below, the objection is overruled.

The Court has jurisdiction pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157. This is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(L), and the Court has jurisdiction to enter a final judgment in the case.

## FACTS

On March 20, 1996, the Debtor filed a voluntary petition for relief under the provisions of Chapter 13 of Title 11 of the United States Bankruptcy Code. By agreement of the parties, the claim of Newcourt, which was secured by a security interest in a 1987 Western Star Tractor/Truck, was allowed in the amount of $21,975.00. The balance of Newcourt's claim of $14,927.73 was allowed as a general unsecured claim.

On July 15, 1996, the Debtor's plan was confirmed. It proposed to pay Newcourt's secured claim of $21,975.00 over a period of 60 months at the rate of $485.88 per month, including interest accruing at the rate of 9% per annum. The confirmed plan also provided that "the property of the estate shall vest in the debtor upon confirmation of the plan." (Ex. B.)

During the relevant period, the Debtor maintained a physical damage insurance policy on the vehicle with Associates Insurance Company, Dallas, Texas ("Associates"). The policy listed the Debtor as the named insured and Newcourt as the loss payee as required by the Debtor's contract with Newcourt. The policy provided that "[w]e will pay you and the loss payee named in the policy for loss to a covered vehicle, as interest may appear." (Ex. P at Loss Payable Clause.)

On or about September 22, 1996, the vehicle was stolen and destroyed by fire. On October 25, 1996, the Debtor filed a post-confirmation modification of plan proposing to surrender the Debtor's interest in Newcourt's collateral and further proposing to treat any deficiency balance owed Newcourt as an unsecured claim. These were the only changes in the confirmed plan.

After the loss occurred, the Debtor submitted an agreed order styled "Order to Surrender Property." It provided in pertinent part:

The Court finds that the debtor(s), pursuant to 11 U.S.C. § 1325, has proposed to surrender property of the estate to the creditor(s) holding secured claims against such property. Therefore,

IT IS ORDERED, that the automatic stay provisions of 11 U.S.C. § 362 be relaxed as to the following described property of the estate and/or property listed on attachment hereto:

NEWCOURT FINANCIAL—1987 WESTERN STAR TRUCK

and as to the debtor to the extent necessary to proceed against this property. Creditors with valid claims or interest in the abandoned property are released to pursue their lawful remedies against the debtor's interest in the surrendered property, provided that the creditors shall account for and remit to the Trustee any surplus over the balance which may be realized upon liquidation of the property abandoned.

(Ex. F.) This Order was entered without notice to any party on November 13, 1996.

On November 14, 1996, Associates issued a sight draft in the amount of $28,750.00 payable to the Debtor and to Newcourt as loss payee. The draft was endorsed by the Debtor and delivered to the Chapter 13 Trustee who forwarded the draft to Newcourt for endorsement. Newcourt has declined to endorse the draft.

Also on November 14, the Debtor filed a motion to withdraw his plan modification filed October 25, and an Order was entered on the docket on November 22, 1996, granting the motion to withdraw.[1]

On December 4, 1996, the Debtor filed a second post-confirmation modification which provided the following:

The debtor has received an insurance check in the amount of $28,750.00 for dam-

---

1. The Order relaxing the stay and abandoning the vehicle in question was previously entered on November 13, 1996, as stated above.

ages to the Western Star Truck which is collateral for a loan from the creditor Newcourt Financial. The debtor shall pay the insurance proceeds to the Chapter 13 Trustee. The insurance proceeds shall be applied first to payoff [sic] the secured portion of Newcourt Financial's claim. The remaining insurance proceeds shall be distributed by the [sic] pursuant to the debtor's plan.

(December 4, 1996 Modification of Chapter 13 Plan.)

As of January 14, 1997, the Debtor should have paid, pursuant to his confirmed plan, the sum of $27,635.00, whereas payments totaling the sum of $24,065.00, have been made. As of December 31, 1996, Newcourt has received, pursuant to the confirmed plan, distributions totaling $3,643.71. The sum of $2,134.53 has been applied to the principal balance of the allowed secured claim and $1,509.18 has been applied to post-petition interest on the allowed secured claim. The allowed secured claim of Newcourt has a balance as of January 14, 1997, of $19,840.47. No funds have been distributed by the Chapter 13 Trustee to Newcourt on its allowed unsecured claim. The current total principal balance of Newcourt's allowed secured and unsecured claims is $34,768.20.

The parties stipulated that the Debtor stated he intends to pay the principal balance of the allowed secured claim of Newcourt and seek a refund for all or some of the remaining balance of the insurance proceeds. The parties further stipulated that the amount refunded to the Debtor will be used to repair another vehicle owned by the Debtor. The request for a refund is not included within the provisions of the modification currently before the Court.

### DISCUSSION

Newcourt argues several points in support of its objection to confirmation. First, Newcourt contends that the proceeds of the insurance policy are not property of the estate but property of the loss payee, Newcourt, as the third party beneficiary under the insurance policy. Alternatively, Newcourt argues that the proceeds of the insurance policy are not property of the estate because at the time the proceeds were paid the insured vehicle had been abandoned. Newcourt also states that the proposed modified plan is not the Debtor's best effort and does not devote all of his disposable income to the plan as required by 11 U.S.C. § 1325(b)(1)(B) and 11 U.S.C. § 1322(a)(1).

### I.

■ Contrary to Newcourt's argument, the insurance proceeds at issue are, in fact, property of the estate. A debtor's pre-petition insurance policy becomes property of the estate upon the filing of the bankruptcy petition. 11 U.S.C. § 541(a) (1994); *American Bankers Ins. Co. of Fla. v. Maness,* 101 F.3d 358, 362 (4th Cir.1996); *A.H. Robins Co. v. Piccinin (In re A.H. Robins Co.),* 788 F.2d 994, 1001 (4th Cir.1986). An insured loss generates proceeds that become property of the estate. *American Bankers Ins. Co. Of Fla. v. Maness,* 101 F.3d 358, 364 (4th Cir. 1996); *Bradt v. Woodlawn Auto Workers, F.C.U. (In re Bradt),* 757 F.2d 512, 515 (2nd Cir.1985); *Woods v. John Fox Oldsmobile, Inc. (In Re Woods),* 97 B.R. 850, 851–52 (Bankr.W.D.Va.1989) *In re Hawkeye Chemical Co.,* 71 B.R. 315, 320 (Bankr.S.D.Iowa 1987); *In re Costa,* 54 B.R. 22, 23 (Bankr. D.N.J.1985). *But see In re Suter,* 181 B.R. 116, 119 (Bankr.N.D.Ala.1994) (holding that when a secured creditor was the loss payee of an insurance policy, the proceeds of the policy were not estate property to the extent of the creditor's interest in the insured property).

■ Insurance proceeds that are estate property are subject to the rights of creditors who are listed as loss payees under the policy. A loss payee has a superior right in the insurance proceeds only to the extent of its interest in the insured property. *Wilbanks & Wilbanks, Inc. v. Cobb,* 269 Ark. 936, 938, 601 S.W.2d 601, 603 (Ct.App.1980). Pursuant to the policy at issue, the proceeds are to be paid "as interest may appear." (Ex. P.)

■ Because the proceeds are estate property, the Bankruptcy Code will determine Newcourt's interest. *Ford Motor Credit Co. v. Feher (In re Feher),* 202 B.R. 966, 970

(Bankr.S.D.Ill.1996). Bankruptcy courts considering this issue have found that upon post-petition destruction of collateral, an undersecured creditor's interest in casualty insurance proceeds is limited by the confirmed Chapter 13 plan to the unpaid balance of its allowed secured claim. *In Re Arkell*, 165 B.R. 432, 434 (Bankr.M.D.Tenn.1994); *In Re McDade*, 148 B.R. 42, 44–45 (Bankr.S.D.Ill. 1992); *In Re Pourtless*, 93 B.R. 23, 26 (Bankr.W.D.N.Y.1988).

■ This conclusion is based on the res judicata effect of plan confirmation on the determination of the value of secured claims. The Bankruptcy Code provides, "An allowed claim of a creditor ... is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property.... Such value [of the creditor's interest] ... shall be determined ... [at] any hearing ... on a plan affecting such creditor's interest." 11 U.S.C. § 506(a) (1994) The order confirming the plan fixing the value of a creditor's secured claim is res judicata on that issue. *United States v. Richman (In re Talbot)*, 124 F.3d 1201, 1210 n. 11 (10th Cir.1997); *In re Szostek*, 886 F.2d 1405, 1408 (3d Cir.1989); *Anaheim Savings and Loan Assoc. v. Evans (In re Evans)*, 30 B.R. 530, 531 (9th Cir. BAP 1983); *Kuebler v. Internal Revenue Service (In re Kuebler)*, 156 B.R. 1012, 1017 (Bankr.E.D.Ark.1993), *aff'd, Kuebler v. U.S.*, 172 B.R. 595 (E.D.Ark. 1994). If a plan values the creditor's collateral too low, the creditor bears the burden of objecting to confirmation of the plan. *In re Jock*, 95 B.R. 75, 76 (Bankr.M.D.Tenn.1989); *In re Arkell*, 165 B.R. 432, 435 (Bankr. M.D.Tenn.1994).

■ Thus, under the confirmed plan Newcourt's interest in the Debtor's interest in the vehicle was the value of the vehicle, $21,975.00. The order confirming the plan determined the issue of the value of Newcourt's interest in the vehicle and is res judicata as to that issue. Under Arkansas law, Newcourt has no insurable interest beyond the value of the collateral, which is the amount of Newcourt's secured claim as established by the plan, less subsequent payments made to Newcourt and properly credited. Ark.Code Ann. § 23–79–104 (Michie

1992); *Wilbanks & Wilbanks, Inc. v. Cobb*, 269 Ark. 936, 939, 601 S.W.2d 601, 603 (Ct. App.1980).

Accordingly, Newcourt's objection that the insurance proceeds are not property of the estate is overruled.

## II

Newcourt also argues that the proceeds are not property of the estate because the vehicle had been abandoned by a court order entered one day before the sight draft was delivered. Newcourt's theory is that the November 13, 1996 Order to Surrender Property, *See* Ex. F, constitutes an abandonment of the vehicle pursuant to 11 U.S.C. § 554 and therefore also constitutes an abandonment of the insurance proceeds that had accrued but had not yet been paid.

The concept of abandonment is governed by Section 554, which provides that after notice and a hearing, the trustee may abandon any property of the estate that is burdensome, of inconsequential value, or not beneficial to the estate. 11 U.S.C. § 554(a) (1994). After notice and a hearing, a party in interest may request the Court to order an abandonment for the same reasons the trustee may abandon property. 11 U.S.C. § 554(b) (1994).

■ Abandonment constitutes "a divestiture of all of the estate's interests in the property ... [P]roperty may be abandoned ... to any party with a possessory interest in it." 5 *Collier on Bankruptcy* ¶ 554.02[3] (Lawrence P. King 5th ed. rev.1996). The intention to abandon must be unequivocal, *In Re Heil*, 141 B.R. 112, 115 (Bankr.N.D.Tex. 1992), and once property is abandoned, its abandonment becomes irrevocable. *In Re Bryson*, 53 B.R. 3, 4 (Bankr.M.D.Tenn.1985).

The procedural safeguards of notice and hearing specifically required by 11 U.S.C. § 554 are to be accomplished as follows:

Unless otherwise directed by the court, the trustee or debtor in possession shall give notice of a proposed abandonment or disposition of property to the United States trustee, all creditors, indenture trustee, and committees elected pursuant

to § 705 or appointed pursuant to § 1102 of the Code. A party in interest may file and serve an objection within 15 days of the mailing of the notice, or within the time fixed by the court. If a timely objection is made, the court shall set a hearing on notice to the United States trustee and to other entities as the court may direct.

Fed.R.Bankr.P. 6007.

 Notification to creditors is essential; abandonment is ineffective without the procedural safeguards afforded by the Code and Rules. *Killebrew v. Brewer (In re Killebrew)*, 888 F.2d 1516, 1523 (5th Cir.1989); *Sierra Switchboard Co. v. Westinghouse Elec. Corp.*, 789 F.2d 705, 709–10 (9th Cir. 1986); *In re Heil*, 141 B.R. 112, 114 (Bankr. N.D.Tex.1992); *Barletta v. Tedeschi*, 121 B.R. 669, 671 (N.D.N.Y.1990). In the instant case, because the November 13 Order specifically describes a vehicle as the property being surrendered, no logical basis exists to conclude that the Order in question also abandoned insurance proceeds.

Whether the Order even constitutes an abandonment of the vehicle is in doubt because of the contradictory language of the Order itself and the fact that no notice of abandonment was given to creditors.[2] Without notice to creditors, the proposed abandonment was ineffective. Notice reasonably calculated to communicate an opportunity to object was necessary to protect the due process rights of all creditors and other interested parties. *In re Heil*, 141 B.R. 112, 114 n. 2 (Bankr.N.D.Tex.1992).

Furthermore, the Order to Surrender not only does not use the term "abandon," but it directs that any surplus from the liquidation of the surrendered collateral be returned to the estate. This provision is inconsistent with the unequivocal, irrevocable nature of abandonment.

For these reasons, the Court rejects Newcourt's contention that the insurance proceeds are not property of the estate because the vehicle was abandoned.

## III

 Newcourt also contends that the proposed modified plan does not devote all of the Debtor's disposable income to the plan as required by 11 U.S.C. § 1325(b)(1)(B) and 11 U.S.C. § 1322(a)(1) and that the modified plan is not his best effort. Newcourt bases its contention on the fact that the Debtor is seeking a reduction of his plan payment by $485.00 a month, the amount that would be paid to Newcourt on its secured claim if the claim were not defrayed by insurance proceeds. Newcourt also points to the fact that the Debtor intends to use his portion of the insurance proceeds for vehicle repairs rather than distributing the funds to creditors.

The Bankruptcy Code requires a Chapter 13 plan to provide for the submission of sufficient future income to execute the plan. 11 U.S.C. § 1322(a)(1) (1994). If the Debtor does not devote his disposable income to the plan, the Court must sustain an objection to the plan by an unsecured creditor or the trustee. 11 U.S.C. § 1325(b)(1)(B) (1994). However, Newcourt has not established that the Debtor is not making his best effort. The fact that the Debtor intends to use the balance of the insurance proceeds to make repairs on another vehicle is a reasonable use of the excess insurance proceeds.

## CONCLUSION

For the foregoing reasons, the objection to confirmation is overruled and the modified plan is confirmed.

IT IS SO ORDERED.

---

2. Stipulated Ex. F reflects that no notice of the proposed order of abandonment was sent to anyone and that a copy of the Order was only sent to the Debtor, Debtor's counsel, and Newcourt.