776

(689 P.2d 915)
No. 56,289

CENTURY SAVINGS ASSOCIATION OF KANSAS, *Appellee*, v. C. MICHAEL FRANKE & COMPANY, INC.; WILLIAM E. LOGAN, d/b/a MISSION-WESTPORT INVESTMENTS; and EARL L. WILLIAMS, Trustee of the TWK EMPLOYEES' PROFIT SHARING PLAN AND TRUST AGREEMENT and TWK EMPLOYEES' MONEY PURCHASE PENSION PLAN AND TRUST AGREEMENT, *Appellants*.

Opinion filed October 25, 1984.

*C. Maxwell Logan* and *Nancy Schmidt Roush*, of Logan & Martin, of Overland Park, for appellants.

*Mary Stuckey Cofran* and *Wilson E. Speer*, of Speer, Austin, Holliday & Ruddick, of Olathe, for appellee.

Before SWINEHART, P.J., ABBOTT and BRISCOE, JJ.

ABBOTT, J.: This is an appeal from a judgment in a declaratory judgment action holding that a "transfer of title" of mortgaged real estate had occurred, thus triggering the acceleration clause of a promissory note held by the plaintiff, Century Savings Association of Kansas (Century).

The parties stipulated to the facts. Highly summarized, in 1976 Century's predecessor, Kansas Savings & Loan Association, loaned $500,000 to C. Michael Franke & Company, Inc. (Franke & Company). A note and mortgage were executed and recorded. The note bears interest at 6 ½ percent per annum. The low rate of interest was extended to the borrower because the sum loaned exceeded the appraised value of the property. Obviously, Century's predecessor was interested in making the loan at a favorable rate. That it did so has no bearing on our decision in this case, but it does demonstrate why Century desires to accelerate the note. The dispute concerns a clause in the promissory note that reads:

"*Upon transfer of title* of the real estate, mortgaged to secure this note, the entire balance remaining due hereunder may at the option of the mortgagee, be declared due and payable at once." (Emphasis supplied.)

In 1981, Franke & Company entered into a contract for deed with William E. Logan, d/b/a Mission-Westport Investments (Mission-Westport). Franke & Company executed a deed and delivered it into escrow for delivery to Mission-Westport upon performance of the contract for deed. Franke & Company, by law, and expressly in the contract for deed, remained liable on the original note and mortgage which is the subject of this appeal. Mission-Westport then assigned an interest in the property to TWK Employees' Money Purchase Pension Plan and Trust Agreement and TWK Employees' Profit Sharing Plan and Trust Agreement. Affidavits of equitable interest were filed by the appropriate parties.

This action was commenced in October of 1982. In its memorandum decision filed in September of 1983, the trial court reasoned:

"The difficulty, of course, is in the term '. . . transfer of title of the real estate, . . .' Defendant quite naturally asks the Court to simply read the contract and determine whether the legal title of the real estate has passed. For purposes of this action, the defendant states there really is no such thing as an equitable title. One either has the title, or one does not.

"The Court feels that the issues to be resolved are: (1) under the rules for construction of contracts against the maker, should the term 'transfer of title of the real estate' be interpreted strictly against Century to mean the actual transfer of the legal title; and (2) if there is some room for interpretation of the term, does a contract for deed actually transfer the real title to the real estate leaving only a mortgage-like security interest in the holder of the legal title.

"If at all possible the law should follow the actual relationships between parties. Counsel for the defendant has provided the Court with substantial arguments to the effect that the parties contracted for a situation where the due-on-sale clause was not activated until there was an actual transfer of the legal title. The Court will not reiterate all of the citations provided by counsel. Suffice it to say, that title has a specific meaning and lending institutions are presumed to draw their contracts such that their interest will be protected.

"On the other hand as is pointed out in *Roberts v. Osburn,* 3 Kan. App. [2d] 90, [589 P.2d 985, *rev. denied* 225 Kan. 845 (1979)], and *County of Los Angeles v. Butcher,* 155 Cal. App. 2d 744, 318 P.2d 838 (1957), in cases such as this the holder of the legal title is really no more than a seller who has retained a secured interest in the property to protect future payments. Legal title that is retained by the contract seller is a highly qualified one for the specific purpose of securing the seller's interest in the purchase price. This is especially true where the title is placed in escrow.

"The Court feels that the citations set out in the plaintiff's brief on pages two to eleven are persuasive. The proper definition of the term 'transfer of title of the real estate' should be the transfer of the real ownership of the real estate. To rule otherwise, the Court believes would be to elevate form over substance. The term

'legal title' was not used. It appears that the parties contemplated the triggering of the due-on-sale clause when there was an actual transfer of the ownership of the property involved. Such a reading does not violate the letter of the agreement and is a more logical interpretation of it. The Court would note that it is not dealing with an unsophisticated party who may have been lulled into an over-reaching contract. As the Court interprets the language, the Court feels that the clear intent of the parties is so expressed.

"The Court will, therefore, find that the contract for deed operated as a transfer of the title of the real estate, and thereby triggered the due-on-sale clause."

Defendants raise two issues on appeal. They recognize their argument that it would be against public policy to enforce the acceleration clause is no longer a viable issue in view of *Capitol Fed'l Savings & Loan Ass'n v. Glenwood Manor, Inc.*, 235 Kan. 935, 686 P.2d 853 (1984). Thus, the only issue before us is whether defendants "transferred the title" within the meaning of the clause in question.

Careful research by the parties and this court has failed to find a case wherein the acceleration clause is triggered solely by the term "transfer of title." The borrowers in this case urge that as the term was used in 1976 when the note at issue was executed, "transfer of title" meant the transfer of legal title; and that if there is any question about whether "title" includes both legal and equitable title, the word as it is used here is ambiguous and should be construed against the drafter.

The underlying purpose of a "due-on-sale" clause is to enable the lender to ensure that a responsible party is in possession of the property thus protecting the lender from unanticipated risks.

Our reading of *Capitol Fed'l Savings & Loan Ass'n v. Glenwood Manor, Inc.*, 235 Kan. 935, convinces us that our Supreme Court has adopted a broad definition of "title" that includes both legal and equitable title. Thus the language as it is used here is not ambiguous. If either party wanted to be more restrictive, it would have been necessary to limit the definition of title in the instrument so as to preclude triggering the "due-on-sale" clause when the transfer of equitable title was made.

The trial court did not err in holding that the contract for deed described above triggered the due-on-sale clause of the note.

Affirmed.