(978 P.2d 298)
No. 80,819

LYNN GRAHAM, *Plaintiff/Appellant*, v. HELEN L. CLAYPOOL, *Defendant/Appellee,* and BILLIE CLAYPOOL, ROBERT CLAYPOOL, PHOTOGRAPHIC BUSINESS SALES, INC., a Corporation, and PHOTOGRAPHIC BUSINESS SALES, INC., a Corporation, *Defendants*.

Opinion filed April 23, 1999.

*H. Reed Walker,* of Law Offices of H. Reed Walker, of Mission, for appellant.

*W. Robert King* and *Brenden W. Webb*, of Couch, Strausbaugh, Pierce & King, Chartered, of Overland Park, for appellee Helen Claypool.

Before GERNON, P.J., ROYSE, J., and EDWARD E. BOUKER, District Judge, assigned.

GERNON, J.: This appeal involves the issue of whether, when property has been conveyed by a contract for deed, the "legal" title holder is liable for torts occurring on the property.

Helen Claypool contracted with Photographic Business Sales, Inc., (Photographic) to convey real estate on July 1, 1994. A fire occurred at the property on September 23, 1994. Lynn Graham, a tenant, suffered personal injury and loss of personal property in the fire.

Graham sued Helen Claypool, Billie Claypool, Robert Claypool, and Photographic. Helen Claypool moved for summary judgment, which the court granted. Graham appeals.

Helen's motion for summary judgment attacked Graham's basis for assessing liability for his injuries. Helen's motion asserted that she had conveyed the property where Graham was injured prior to his injury, thus negating any basis for a duty of care.

In determining whether Helen should be granted summary judgment as a matter of law, the trial court was required to interpret the contract between Helen and Photographic. When construing a written contract on uncontested facts, an appellate court's standard of review is de novo. *Golconda Screw, Inc. v. West Bottoms Ltd.*, 20 Kan. App. 2d 1002, 1010, 894 P.2d 260 (1995). If the contract language is unambiguous, the appellate court must limit its review to the four corners of the document to determine the parties' intent. *Parsons v. Biscayne Valley Investors, Ltd.*, 23 Kan. App. 2d 718, 721-22, 935 P.2d 218 (1997).

The document here is unambiguous; therefore, this court is limited to examining its four corners to ascertain the parties' intentions. The contract reads in pertinent part:

"On full payment of the sums of money set out above, including all expended by the Seller on account of taxes and special assessments and redemption from tax sales, the Seller shall convey said land to the said Buyer by deed duly acknowledged and approved, containing a covenant that the Seller is well seized of said land at the date hereof, and a covenant against encumbrances, and warranting title as of date hereof."

In addition to establishing Photographic's payment schedule, the contract gave Photographic the right to possession of the property and made Photographic responsible for insurance coverage after the current coverage lapsed.

In situations involving the sale of real estate using a contract for deed, this court has determined that the purchaser becomes the

equitable owner of the realty, and the seller, although holder of the legal title, retains a secured interest in the property to protect future payments. See *Century Savings Ass'n. v. C. Michael Franke & Co.,* 9 Kan. App. 2d 776, 778, 689 P.2d 915 (1984) (contract for deed constituted sale for due-on-sale clause in seller's mortgage); *Roberts v. Osburn,* 3 Kan. App. 2d 90, 97, 589 P.2d 985, *rev. denied* 225 Kan. 845 (1979) (equitable owners under contract for sale held to be owners of real estate for operation of easement). In both *Century Savings Ass'n* and *Roberts,* the sellers placed the deed in escrow during the execution of the contract. Although Helen's deed was not placed in escrow, the other contractual requirements are substantially similar to those in *Century Savings Ass'n* and *Roberts.* Consequently, Photographic should be considered the equitable owner of the property.

Kansas has not determined whether a legal owner is liable for tort claims while an equitable owner is in possession of the real estate. Research reveals one case from another jurisdiction very nearly on point. In *Dubray v. Howshar,* 884 P.2d 23 (Wyo. 1994), the Wyoming Supreme Court held the seller of real estate under an executory contract for deed not liable for a tort occurring on the real property. Analogizing the seller's position in a contract for deed to that of a mortgagee, the *Dubray* court based its decision upon the theory that the equitable owner assumes all the risk, including the liability of ownership. 884 P.2d at 26-27.

The *Dubray* court also relied upon the Restatement (Second) of Torts to support its decision. 884 P.2d at 26. Restatement (Second) of Torts § 353 (1965) limits the seller's liability to situations where the seller does not inform the buyer of known dangerous situations that the buyer could not discover or where the seller actively conceals the danger. Restatement (Second) of Torts § 352 (1965) protects a seller of land from liability to the buyer or others from conditions that existed at the time the buyer took possession.

Section 352 applies to protect Helen in this case because the condition which caused the fire existed at the time Photographic took possession. Neither of the limiting circumstances in § 353 apply. The contract for deed stated that the buyer purchased the

property "as is" after having an opportunity to inspect both the interior and exterior of the property.

In determining that Helen bore no liability as the legal owner of the property, the trial court found that she had "conveyed the equitable title to the real estate while retaining the legal title only as a device to protect [her] interest in the event that the buyers default on the contract." The trial court applied the principle of *Dubray* in reaching its decision.

Graham, on the other hand, provides no authority for his argument that the legal owners should continue to bear liability for property subject to conveyance under a contract for deed. His reasoning is unpersuasive in light of *Dubray* and the Restatement (Second) of Torts.

The seller of real estate under an executory contract for deed is not liable for torts occurring on the conveyed property unless the seller fails to inform the buyer of known dangerous situations that the buyer could not discover or the seller actively conceals.

Affirmed.