# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-12-897

|  |  |
|---|---|
|  | Opinion Delivered SEPTEMBER 25, 2013 |
| CARMELLA KIRKWOOD<br>APPELLANT | APPEAL FROM THE PHILLIPS COUNTY CIRCUIT COURT<br>[NO. CV-10-120] |
| V. | HONORABLE RICHARD L. PROCTOR, JUDGE |
| BETTY DIAL<br>APPELLEE | AFFIRMED |

### KENNETH S. HIXSON, Judge

Appellant Carmella Kirkwood brought a complaint for damages against appellee Betty Dial. The trial court granted summary judgment to Dial. We find no error and affirm.

In her complaint, Kirkwood alleged that on July 10, 2007, she was a tenant residing in a house owned by Dial and was struck and injured by portions of a collapsed ceiling. Kirkwood alleged that Dial was negligent in failing to inspect the premises, failing to safely maintain the premises, and failing to warn her of a dangerous condition.

Dial filed an answer, followed by a motion for summary judgment, wherein she denied that she owned the property where Kirkwood was allegedly injured. In her summary-judgment motion, Dial asserted that she had sold the property to Sammie and Juril Fonzie by a contract-of-sale on April 26, 2007, and that she retained only a lienholder's interest. Dial alleged that because she no longer owned or possessed the property at issue when the alleged

injury occurred, she had no responsibility for maintenance or repair to the premises and was not liable for any of Kirkwood's injuries. At the summary-judgment hearing, Dial also argued in the alternative, that even if she had a duty to Kirkwood, there was no evidence that she breached any duty.

The trial court entered an order granting Dial's motion for summary judgment, and Kirkwood now appeals. Kirkwood's only argument on appeal is that the trial court erred in granting Dial's summary-judgment motion. Summary judgment may be granted only when there are no genuine issues of material fact to be litigated, and the moving party is entitled to judgment as a matter of law. *Walls v. Humphries*, 2013 Ark. 286, 428 S.W.3d 517. Once the moving party has established a prima facie entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. *Midkiff v. Crain Ford Jacksonville, LLC*, 2013 Ark. App. 373. On appellate review, we determine if summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of the motion left a material fact unanswered. *Neal v. Sparks Reg'l Med. Ctr.*, 2012 Ark. 328, 422 S.W.3d 116. We review the evidence in the light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. *Campbell v. Asbury Auto., Inc.*, 2011 Ark. 157, 381 S.W.3d 21. Our review focuses not only on the pleadings, but also on the affidavits and documents filed by the parties. *Walls, supra.*

Dial attached a "contract-of-sale" to her motion for summary judgment. This contract-of-sale was executed between Dial, the "seller," and Sammie and Juril Fonzie, the

"buyers," on April 26, 2007. In this contract-of-sale, Dial agreed to sell, and the Fonzies agreed to buy, three separate lots of real estate that included the residence wherein Kirkwood's alleged injuries later occurred on July 10, 2007. The contract-of-sale provided for 240 monthly installments paid by the Fonzies to Dial. The contract-of-sale further provided that upon prompt and full performance of the contract, that Dial "will convey the above described real estate to [the Fonzies] by a good and merchantable Warranty Deed, free and clear of any and all liens or encumbrances." In addition, the contract provided that the Fonzies were responsible for paying the property taxes and insurance. The Fonzies agreed to keep the property in good repair, and Dial had the right, with reasonable notice, to enter the property for the purpose of evaluating the condition of the property. If Dial found deferred maintenance, she had the right under the contract to require the Fonzies to cure the defects. If the Fonzies defaulted on the contract, at Dial's option the entire purchase price became due and the contract would be terminated. In such event, if the entire purchase price was not tendered, Dial had the right to repossess the property and retain the installments as liquidated damages.

Dial also attached her affidavit to her summary-judgment motion. In her affidavit, Dial stated that she sold the property at issue to the Fonzies on April 26, 2007, and that the Fonzies had been in possession of the property since then. Dial also stated that pursuant to the contract-of-sale, the Fonzies were responsible for keeping the premises in good repair, and that Dial was not responsible for any maintenance. Dial further stated that the Fonzies had not defaulted on the contract, and that Dial had no right to possess the premises. Finally, Dial

stated that she had never leased any property to Kirkwood and that she did not even know Kirkwood prior to this lawsuit being filed.

Dial also gave a deposition, and in her deposition she testified that during the time she owned the property she had previously leased it to a tenant. Dial acknowledged that over the years there had been some vandalism, sheetrock issues, and other problems that resulted in repairs. Dial stated that, several years before she sold the property to the Fonzies, she had hired a carpenter to replace some sheetrock on the ceiling of the house. Based on matters before it, the circuit court granted summary judgment to Dial without comment.

In this appeal, Kirkwood argues that the trial court erred in granting Dial's motion for summary judgment. Kirkwood asserts that she had rented the property from Sammie Fonzie and that her injuries were proximately caused by sheetrock and other ceiling material that collapsed and fell on her. Although the Fonzies had previously entered into a contract–of–sale with Dial, Kirkwood contends that Dial retained ownership of the property because the Fonzies had not yet made all of the payments and title had not yet transferred to the Fonzies. Kirkwood argued that Dial still held title to the property, and under the contract Dial had the right to inspect the property and require the Fonzies to correct any defects. Furthermore, Kirkwood directs us to Dial's statement that there had been earlier problems with the sheetrock on the ceiling of the living room and dining room.

Kirkwood asserts Dial was the owner of the premises and that Kirkwood was a licensee. Kirkwood cites *Heigle v. Miller*, 332 Ark. 315, 965 S.W.2d 116 (1998), where the supreme court held that a landowner owes a licensee the duty to refrain from injuring her

4

through willful or wanton conduct. Where a landowner discovers that a licensee is in peril, she has the duty of ordinary care to avoid injury to a licensee, and this duty takes the form of warning a licensee of hidden dangers if the licensee does not know or have reason to know of the conditions or risk involved. *See Heigle, supra.* Kirkwood argues that there was no evidence that Dial warned the Fonzies of the substantial risks involving the ceilings prior to executing the contract-of-sale, and that because material issues of fact remained the order of summary-judgment should be reversed.

The parties to this appeal have cited no Arkansas cases, and we have found none, that directly answer the question of under what circumstances a contract-of-sale seller of real property may be held liable for subsequent injuries to an unknown tenant on the property. However, we have held, as a general principle, that a contract for the sale of real estate creates in the buyer an equitable estate that is alienable by deed. *See Page v. Anderson*, 85 Ark. App. 538, 157 S.W.3d 575 (2004).

Dial directs us to other jurisdictions that have addressed this issue, and in *Graham v. Claypool*, 978 P.2d 298 (Kan. Ct. App. 1999), the Kansas appeals court held that the seller of real estate under an executory contract for deed was not liable for injuries occurring to a subsequent tenant on the conveyed property unless the seller failed to inform the buyer of known dangerous situations that the buyer could not discover or the seller actively concealed. A similar result was reached in *Anderson v. Cosmopolitan National Bank of Chicago*, 301 N.E.2d 296 (Ill. 1973). In that case, the Illinois Supreme Court held that a contract seller of real property is not generally liable for personal injuries sustained subsequent to his transfer of

5

possession and control absent concealment or failure to reveal dangerous conditions to the buyer.

We need not decide Dial's contention that, because she had sold the property on a contract-of-sale and was no longer in possession, she was absolved from liability. That is because, even assuming that Kirkwood was Dial's licensee as argued in Kirkwood's brief, summary judgment was appropriate based on Arkansas's settled principles of premises liability.

Under Arkansas law a property owner owes a licensee no duty unless her presence on the premises is known or reasonably should be known. *Miller v. Centerpoint Energy Resource Corp.*, 98 Ark. App. 102, 250 S.W.3d 574 (2007). Once a property owner is aware of the presence of a licensee on her property, she must refrain from injuring her through willful or wanton conduct. *Id.* To constitute willful or wanton conduct, there must be a course of action that shows a deliberate intent to harm or utter indifference to, or conscious disregard of, the safety of others. *Id.* If an owner knows or has reason to know of a condition on the premises that is not open and obvious and which creates an unreasonable risk of harm to licensees, he is under the duty to use ordinary care to make the condition safe or to warn those licensees who do not know or have reason to know of the danger. *Maneth v. Tucker*, 72 Ark. App. 141, 34 S.W.3d 755 (2000).

With these principles in mind, we turn to the facts of this case. In order for Dial to have had any duty at all to Kirkwood, Kirkwood's presence on the property either must have been known or reasonably should have been known by Dial. The evidence herein revealed that Dial had never met Kirkwood, that Dial had not been in possession of the property since

executing her contract-of-sale with the Fonzies, and that Dial was unaware that Kirkwood was residing in the property. In short, there is no evidence that Dial knew or should have known Kirkwood was residing in the property.

Moreover, even had Dial known or should have known that Kirkwood was a tenant on the property, Kirkwood presented no proof that Dial injured her through willful or wanton conduct. There was no indication of any deliberate intent to harm or a conscious disregard for the safety of others. Although Kirkwood argues that Dial failed to warn of an unreasonable risk, the only evidence presented on that issue was in Dial's deposition. Dial testified that there had been some issues with a portion of the ceiling, but that those problems occurred several years prior and the faulty sheetrock had been repaired and replaced. There was simply no proof that Dial was aware of a dangerous situation, assuming one existed.

On this record, we affirm the entry of summary judgment because there were no genuine issues of material fact and, as matter of law, Dial was not liable for any injuries Kirkwood may have sustained on the property.

Affirmed.

GRUBER and WOOD, JJ., agree.

*Don R. Etherly*, for appellant.

*Turner Law Firm, P.A.*, by: *Andy L. Turner* and *Ben C. Hall*, for appellee.