SLIP OPINION

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-14-1046

| | |
|---|---|
| ERNEST WARREN FARR, JR., DEBBIE HOLMES, AND JO ANN FARR<br><br>APPELLANTS<br><br>V.<br><br><br>AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY<br>APPELLEE | **Opinion Delivered** SEPTEMBER 30, 2015<br><br>APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT [NO. 26-CV-13-234]<br><br>HONORABLE MARCIA R. HEARNSBERGER, JUDGE<br><br>AFFIRMED |

## KENNETH S. HIXSON, Judge

Appellants Ernest Warren Farr, Jr. (Warren) and Debbie Holmes (Debbie) entered into an insurance contract with appellee American National Property and Casualty Company (ANPAC) to insure a pontoon boat and trailer. Appellants later submitted a claim for insurance coverage after the boat and trailer were allegedly stolen. ANPAC denied coverage for the loss and rescinded the policy after discovering that Warren and Debbie were not the owners of the boat and had made misrepresentations on the insurance application. Warren and Debbie, along with the boat's owner, Jo Ann Farr, brought a complaint against ANPAC for breach of the insurance contract, alleging that ANPAC had acted in bad faith and should be ordered to cover the loss.[1] The trial court subsequently granted summary judgment for

---

[1]Jo Ann Farr, who was not a party to the insurance contract, was dismissed from the case for failure to state a cause of action.

SLIP OPINION

ANPAC. Warren and Debbie now appeal, arguing that the trial court erred in granting summary judgment because material issues of fact remained to be litigated. We affirm.

Summary judgment may be granted only when there are no genuine issues of material fact to be litigated, and the moving party is entitled to judgment as a matter of law. *Kirkwood v. Dial*, 2013 Ark. App. 536. Once the moving party has established a prima facie entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. *Midliff v. Crain Ford Jacksonville, LLC*, 2013 Ark. App. 373. On appellate review, we determine if summary judgment was appropriate based on whether the evidentiary items presented by the moving part in support of the motion left a material fact unanswered. *Neal v. Sparks Reg'l Med. Ctr.*, 2012 Ark. 328, 422 S.W.3d 116. We view the evidence in the light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. *Campbell v. Asbury Auto., Inc.*, 2011 Ark. 157, 381 S.W.3d 21. Our review focuses not only on the pleadings, but also on the affidavits and documents filed by the parties. *Kirkwood*, *supra*.

Jo Ann Farr, who is Warren Farr's mother, purchased the pontoon boat and trailer in 2007. In Debbie's deposition, she explained that although Jo Ann was the named purchaser and titled owner, the boat essentially belonged to her [Debbie] and Warren and that they were making the payments. Debbie said that both she and Warren had bankruptcies on their credit reports, and that Jo Ann, who had better credit, signed for the boat so they could get a lower interest rate.

SLIP OPINION

On July 23, 2010, Debbie submitted a watercraft insurance application with ANPAC, seeking insurance coverage on the boat and trailer for herself and Warren. One of the questions on the application asked, "Have you or any member of your household ever been convicted of a felony or drug possession?" The application stated, "If yes, do not bind." The answer given on the application was "no," when in fact Warren had a prior felony conviction for attempted murder. The application further asked, "Is the applicant the original owner of this watercraft?" The answer given to that question on the application was "yes." The application was signed by Debbie, and above the signature line the application stated:

> I, the undersigned, agree that the statements herein are made for the express purpose of inducing the company to issue an insurance policy and these statements are true, correct, and complete and any policy issued as a result of any material misrepresentation shall be declared void. I understand that any binder or insurance policy issued as a result of this application will be based on the facts and answers stated herein.

After the application was submitted, ANPAC issued a watercraft policy naming Warren and Debbie as the insureds. The policy provided, "Unless otherwise shown in the endorsements area on the Declarations page, your statements are as follows: . . . . You are the only owner of your insured watercraft[.]" The policy also contained the following provision:

> **Concealment or Fraud**. This entire policy is void if an insured person has intentionally concealed or misrepresented any material fact or circumstances relating to this insurance, or acted fraudulently or made false statements relating to this insurance.

Warren and Debbie made a claim for coverage under the policy, claiming that the boat and trailer were stolen on July 24, 2011. After ANPAC denied coverage, Warren and Debbie filed a breach-of-contract action against ANPAC on March 20, 2013, alleging that ANPAC

had breached the insurance contract and had also acted in bad faith. On June 16, 2014, ANPAC filed a motion for summary judgment asserting that Debbie had made material misrepresentations in the insurance application, and further asserting that, because Jo Ann Farr was the titled owner of the boat, Warren and Debbie lacked an insurable interest in the subject matter of the insurance. On July 28, 2014, the trial court entered an order granting ANPAC's motion for summary judgment and dismissing appellants' complaint with prejudice. The trial court subsequently denied appellants' motion for reconsideration.

In this appeal, Warren and Debbie argue that the trial court erred in granting ANPAC's summary-judgment motion. Appellants first claim that, contrary to ANPAC's contention, they had an insurable interest in the boat and trailer under these circumstances notwithstanding the fact that Warren's mother held the title. Appellants assert that they established an insurable interest because they made the monthly payments, and also used and housed the boat. Appellants rely on *Beatty v. USAA Casualty Insurance Co.*, 330 Ark. 354, 954 S.W.2d 250 (1997), where the supreme court held that, although a person must have an insurable interest in property to have an enforceable insurance contract, in order to have an insurable interest, a party need not have legal title to the insured property, but must have some legal basis for the assertion of interest. In *Beatty*, *supra*, the supreme court indicated that a person has an insurable interest in property if he would profit by or gain some advantage by its continued existence and suffer some loss or disadvantage by its destruction.

Appellants also claim that summary judgment was improper under ANPAC's theory that Debbie had made a material misrepresentation on the insurance application. Appellants

SLIP OPINION

rely on *Neill v. Nationwide Mutual Fire Insurance Company*, 355 Ark. 474, 139 S.W.3d 484 (2003), a case in which the supreme court reversed a summary judgment in favor of the insurance company because, although there had been a misrepresentation made on the insurance application, and the insured signed the application, a material fact remained as to whether the insurance agent had misstated the insured's response or failed to ask all the questions on the application. The supreme court in that case stated that the insurer may not set up false answers in the application to avoid the policy. *Id*. In the present case, appellants assert that there is a material issue of fact based on Debbie's deposition testimony that, during the application process, the appellee's agent never asked whether anyone in her household was a convicted felon. Appellants further argue that, even had there been a misrepresentation on the application, ANPAC failed to show that the misrepresentation was material or that it would not have issued the policy had it known the true facts. Finally, citing *National Old Line Insurance Company v. People*, 256 Ark. 137, 506 S.W.2d 128 (1974), appellants assert that it was ANPAC's burden to show a causal connection between the misrepresentation and the eventual loss, and that in this case the fact that Warren was a convicted felon had no relationship to the boat being stolen.

We hold that the trial court properly granted ANPAC's summary-judgment motion because a material misrepresentation made on the insurance application, relied on by the insurance company, voided the policy. Therefore, we need not reach ANPAC's alternative defense that the appellants lacked an insurable interest.

In addressing the material misrepresentation, we initially note that *National Old Line Insurance Company*, *supra*, cited by appellants, was later overruled by our supreme court in *Southern Farm Bureau Life Insurance Company v. Cowger*, 295 Ark. 250, 748 S.W.2d 332 (1988). In *Southern Farm Bureau*, the supreme court held that an insurer may defend on the ground that a misrepresentation caused issuance of the policy, though the fact misrepresented was not necessarily related to the loss sustained. Therefore, contrary to appellants' argument herein, ANPAC did not have to show a causal connection between the misrepresentation and the eventual loss.

In the absence of a statutory provision to the contrary, Arkansas follows the general common-law rule that a material misrepresentation made on an application for an insurance policy and relied on by the insurance company will void the policy. *Countryside Cas. Co. v. Orr*, 523 F.2d 870 (8th Cir. 1975). The materiality of the misrepresentation goes to whether or not the insurer, with knowledge of the true facts, would have accepted the risk and issued the policy. *Id.*

In this case the insurance application, signed by Debbie, falsely contained a "no" answer to whether any member of her household had ever been convicted of a felony. Next to that question the application contains the instruction, "If Yes, do not bind." Above Debbie's signature she agreed "that the statements made herein are made for the express purpose of inducing the company to issue an insurance policy and these statements are true, correct, and complete and any policy issued as a result of any material misrepresentation shall be declared void." From the language in the application providing that coverage should not

be bound if the answer was "yes," we conclude that ANPAC established that it would not have accepted the risk and issued the policy had it known about Warren's prior felony.

With respect to appellants' claim that the insurance agent never asked Debbie this question during the application process, we conclude that Debbie's deposition does not raise a factual question on that issue or lend support to that claim. In Debbie's deposition she was asked if she remembered the agent asking the question about prior felony convictions, and she responded, "I don't recall." She did not deny that she was asked the question. Debbie proceeded to testify that, despite being given the opportunity to do so, she did not read the application line by line before signing it, stating that "I don't think anybody does that."

In *Neill*, *supra*, the supreme court stated the general rule that, if a person signs a document, she is bound under the law to know the contents of the document. One who signs a contract, after an opportunity to examine it, cannot be heard to say that she did not know what it contained. *Neill*, *supra*. However, an insurer will not be allowed to use misstatements in the application to avoid liability where the misstatements are the result of fraud, negligence, or mistake by the insurer's agent. *Id*.

In the present case, Debbie signed the application containing the material misrepresentation, and there is no proof in the record to support appellants' claim that her misstatement was the result of fraud, negligence, or mistake by ANPAC's agent. The material misrepresentation, relied upon by the insurance company in issuing the policy, voided the policy and relieved ANPAC from coverage. Therefore, ANPAC was entitled to judgment as a matter of law with respect to appellants' breach-of-contract claim. Appellants do not

7

address their bad-faith claim in their brief, and we summarily affirm that aspect of the summary judgment as well.[2]

Affirmed.

KINARD and GRUBER, JJ., agree.

*T. Clay Janske*, for appellants.

*Munson, Rowlett, Moore & Boone, P.A.*, by: *Mark Breeding* and *Ashleigh Phillips*, for appellee.

---

[2]Although appellants' notice of appeal also purports to appeal from the denial of their posttrial motion for reconsideration, their arguments on appeal are limited to challenging the order of summary judgment. To the extent appellants may also be directing their arguments to the trial court's denial of their posttrial motion, we reject those arguments for the same reasons we affirm the summary judgment.