

# ARKANSAS COURT OF APPEALS

DIVISION IV

No. CV–15–276

TIM CALDWELL

APPELLANT

V.

COLUMBIA MUTUAL INSURANCE
COMPANY

APPELLEE

Opinion Delivered December 16, 2015

APPEAL FROM THE LEE COUNTY
CIRCUIT COURT
[NO. 39CV-09-47]

HONORABLE BENTLEY E. STORY,
JUDGE

AFFIRMED ON DIRECT APPEAL;
CROSS–APPEAL MOOT

## M. MICHAEL KINARD, Judge

Appellant Tim Caldwell appeals from the judgment entered in favor of Columbia

Mutual Insurance Company rescinding Caldwell's insurance policy. Caldwell argues that it

was error for the trial court to rescind the policy based on material misrepresentations in his

application. Columbia Mutual cross-appeals. We affirm on direct appeal; the cross-appeal

is moot.

On June 11, 1998, Caldwell submitted an application for homeowner's insurance to

Smith Insurance Agency. While the policy was in effect, the home was destroyed by fire on

May 29, 2004. In 2009, Columbia Mutual filed a complaint for rescission of the insurance

contract ab initio due to fraud. Columbia Mutual claimed that material misrepresentations

were discovered in Caldwell's application after he gave a statement under oath following the

fire. Columbia Mutual contended that it was fraudulently induced into entering the contract

and would not have issued the policy if truthful information had been provided on the application. The policy included a provision stating that the entire policy would be void if, before or after a loss, an insured had intentionally concealed or misrepresented any material fact or circumstance, engaged in fraudulent conduct, or made false statements relating to the insurance.

Caldwell filed a counterclaim seeking $199,240 under the policy. The trial court bifurcated the case and first held a bench trial on Columbia Mutual's claim for rescission. If Columbia Mutual's claim was denied, Caldwell's counterclaim would be tried by a jury. The bench trial was held on August 4, 2014, and following the trial, the parties submitted briefs.

On December 30, 2014, the trial court entered an order making extensive findings. The court found that Judy Rohrscheib of the Smith Insurance Agency asked questions of Caldwell to complete the application, and Caldwell provided his answers to her. The court found that Caldwell's "no" answer to each of the four following questions constituted a material misrepresentation: (1) "Any business conducted on premises?"; (2) "Has applicant had a foreclosure, repossession or bankruptcy during the past five years?"; (3) "Is the property situated on more than five acres?"; and (4) "Is the property within 300 feet of a commercial or non-residential property?" The court concluded that, but for Caldwell's incorrect responses, Columbia Mutual would not have issued the insurance coverage. The court declared the contract void ab initio, ordered Columbia Mutual to return Caldwell's paid premiums, and dismissed Caldwell's counterclaim.

The standard of review on appeal from a bench trial is whether the trial court's

findings were clearly erroneous or clearly against the preponderance of the evidence. *Hall v. Bias*, 2011 Ark. App. 93, 381 S.W.3d 152. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court, when considering all of the evidence, is left with a definite and firm conviction that a mistake has been committed. *Id.* However, a trial court's conclusion on a question of law is reviewed de novo and is given no deference on appeal. *Id.*

In the absence of a statutory provision to the contrary, Arkansas follows the general common-law rule that a material misrepresentation made on an application for an insurance policy and relied on by the insurance company will void the policy. *Farr v. American National Property & Casualty Co.*, 2015 Ark. App. 534. The materiality of the misrepresentation goes to whether or not the insurer, with knowledge of the true facts, would have accepted the risk and issued the policy. *Id.* Caldwell contends that none of his responses to the four questions quoted above were material misrepresentations justifying rescission.

Question 11 of the insurance application asked, "Is the property situated on more than five acres?" Ellen Bender, an underwriter for Columbia Mutual, testified that if this question is answered "yes," the property is disqualified from homeowner's insurance. Caldwell testified at trial that the property was, in fact, more than five acres. On appeal, he admits that the application contained this false statement, but he contends that Columbia Mutual waived its ability to rescind on this basis. Caldwell relies on the principle that "one who desires to rescind a contract on grounds of fraud or deceit must do so as soon as that person discovers the truth." *Douglass v. Nationwide Mutual Insurance Co.*, 323 Ark. 105, 913 S.W.2d 277

3

(1996). Caldwell argues that Columbia Mutual knew the truth, at least constructively, for a period of time before deciding to rescind.

Testimony at trial established that, when Caldwell applied for the insurance in 1998, Mark Smith of the Smith Insurance Agency went to Caldwell's property and photographed the house. A photograph was attached to the insurance application. Caldwell also notes that a representative of Columbia Mutual was on his property in 2004. The company issued a cancellation letter just weeks before the fire stating that, because an inspection had revealed that a business was being conducted on the premises and that there was a lack of maintenance on the house, the policy would not be renewed and would expire on June 11, 2004. Caldwell argues that Columbia Mutual knew the true facts before the fire, and its failure to rescind at that point constituted a waiver.

Columbia Mutual contends that Caldwell is raising this argument for the first time on appeal. We agree. Caldwell argued at trial and in his trial brief that Columbia Mutual had waived the option to rescind the policy based on its knowledge of the business on the premises. The court addressed this contention in its order and concluded that "the 'business' argument was not waived." However, Caldwell did not argue below that Columbia Mutual knew the house was located on more than five acres and waived rescission on this ground. This court will not consider arguments raised for the first time on appeal. *Brown v. Lee*, 2012 Ark. 417, 424 S.W.3d 817. Accordingly, we are precluded from addressing the merits of this argument. We affirm the trial court's determination that the false statement was a material misrepresentation in the application for insurance that voided the policy.

4

SLIP OPINION

Caldwell also challenges the trial court's findings that he made material misrepresentations in failing to disclose the business on or near the property and in failing to disclose a foreclosure and bankruptcy. Because we affirm the finding that Caldwell materially misrepresented the size of the property, it is not necessary to address these arguments. Columbia Mutual cross-appeals, arguing that the trial court erred in finding that Caldwell had an insurable interest in the property. Based on our holding affirming the rescission of the policy, this issue is moot.

Affirmed on direct appeal; cross-appeal moot.

HARRISON and HOOFMAN, JJ., agree.

*Brian G. Brooks, Attorney at Law, PLLC*, by: *Brian G. Brooks* and *Easley & Houseal*, by: *Austin H. Easley*, for appellant.

*Daggett, Donovan & Perry, PLLC*, by: *Robert J. Donovan*, for appellee.